UNITED STATES of America,
Plaintiff–Appellee,

v.

Gonzalo De Jesus TAMAYO,
Defendant–Appellant.

No. 93–5253.

United States Court of Appeals,
Eleventh Circuit.

April 19, 1996.

Sheryl Lowenthal, Coral Gables, FL, for Appellant.

Kendall Coffey, U.S. Attorney, Cheryl A. Bell, Linda Collins Hertz, Carol Herman, Miami, FL, for Appellee.

Before ANDERSON and BIRCH, Circuit Judges, and JOHNSON, Senior Circuit Judge.

BIRCH, Circuit Judge:

This appeal presents the question of whether the district court erred in not according a convicted defendant the opportunity to allocute at resentencing, which was restricted to the issue of whether an unadjudicated state *nolo contendere* disposition can be used for computing criminal history under the Sentencing Guidelines. On remand for resentencing, the district court determined that the unadjudicated *nolo contendere* disposition, although unsigned by the state judge, constituted a diversionary disposition recognized by the Sentencing Guidelines as eligible for calculating criminal history and reinstated the original sentence. On the facts of this case, we AFFIRM.

## I. BACKGROUND

Defendant-appellant, Gonzalo De Jesus Tamayo, was convicted for laundering money in violation of 18 U.S.C. §§ 2 and 1956(a)(1)(A); conspiring to launder money in violation of 18 U.S.C. § 371; possessing unregistered firearms, a sawed-off shotgun, a silencer, and a pipe bomb, in violation of 26 U.S.C. §§ 5861(i) and 5871; and possessing firearms by a convicted felon in violation of 18 U.S.C. § 922(g)(1). At his initial sentencing on January 18, 1991, the district court asked Tamayo if there was "anything" that he wanted to tell the court "by way of mitigation or allocution before sentence [wa]s imposed." R7–52. Tamayo, a Colombian citizen, de-

clined and replied: "My lawyer has said everything, Your Honor." *Id.* Based upon the presentence report, the sentencing hearing, and "in consideration of the scope and extent" of his criminal conduct, the district court sentenced Tamayo to the "upper end" of the Sentencing Guidelines range, consisting of 168 months of imprisonment, followed by three years of supervised release.[1] *Id.*

On direct appeal, Tamayo challenged his conviction and sentence. This court affirmed his conviction, but it vacated his sentence and "remand[ed] the case for resentencing in light of our decision in *United States v. Rockman* [, 993 F.2d 811 (11th Cir.1993), *cert. denied,* — U.S. —, 114 S.Ct. 900, 127 L.Ed.2d 92 (1994) ]," decided subsequent to Tamayo's 1991 original sentencing, to determine if Tamayo's 1988 state *nolo contendere* plea, where adjudication was withheld, was a diversionary disposition qualifying for the addition of one point to his criminal history under U.S.S.G. § 4A1.2(f). *United States v. Tamayo,* 2 F.3d 404, No. 91–5055, slip op. at 12 (11th Cir. Aug. 19, 1993) ("*Tamayo I*"). This court further stated that "[w]e see no merit in Tamayo's objections to his sentence other than the 'prior sentence' issue discussed *infra.*" *Id.* at 11 n. 3.

On remand, the district court ordered a presentence report on the issue of Tamayo's criminal history calculation using the unadjudicated state *nolo contendere* plea and scheduled a resentencing hearing. Additionally, both Tamayo's counsel and the government addressed this issue for the court. The probation officer prepared an updated presentence report, which states that the subject state proceeding meets the criteria of a di-versionary disposition under section 4A1.2(f) and *Rockman* because Tamayo pled *nolo contendere* in Dade County Circuit Court to carrying a concealed firearm and unlawful possession of marijuana, for which he was sentenced to three days with credit for time served in custody.[2]

In response, Tamayo's appellate counsel filed a resentencing memorandum, including objections to the former presentence report. Tamayo's counsel admitted that "if a trial court withholds adjudication of guilt after a nolo contendere plea, the prior offense does constitute a 'diversionary disposition' for purposes of computing the criminal history under Sentencing Guidelines Section 4A1.1(c) and 4A1.2(f)." R1–88–1–2. Defense counsel, however, challenged the use of the state conviction to compute Tamayo's criminal history on the alternative basis that it was unsigned by the state judge and, thus, invalid and unenforceable. Additionally, counsel "ask[ed] that at the hearing on November 4, 1993 the Court will consider *all factors that affect the overall sentence.*" *Id.* at 4 (emphasis added). Counsel then addressed objections to the former presentence report, such as Tamayo's acceptance of responsibility, his motion to suppress, his knowledge of the unlawful source of the funds involved in his conviction, and his probable deportation, as well as factors that occurred subsequent to his sentence, such as Tamayo's advancing age, his service of four years of his imprisonment term, and prison overcrowding as reasons to reduce his imprisonment term.

At the resentencing proceeding, Tamayo's counsel questioned under the Sentencing Guidelines whether the *nolo contendere* plea was a valid judgment without the judge's signature, but she conceded inability to lo-

---

1. The presentence report states that notebooks seized from Tamayo and codefendant Jose Lopez documented part of the money laundering operation for the illegal proceeds from cocaine sales. The ledgers showed the "sale of 63 kilograms of cocaine, at a price of $15,000 per kilo, for total revenues of $945,000. Of this total, $798,000 had previously been received, leaving a balance due to Tamayo of $147,000 for the year 1990." Presentence Report at 5–6 (Sept. 21, 1990).

2. In the former presentence report, defense counsel had objected to the assessment of one criminal history point for the 1988 state arrest for carrying a concealed firearm and maintained

that "since adjudication was withheld, it should not be counted." Second Addendum to the Presentence Report at 3 (Dec. 3, 1990). The probation officer responded:

Paragraph 60 of the presentence report correctly calculates one point for the defendant's sentence imposed on December 14, 1988 for carrying a concealed firearm and possession of marijuana. The defendant's plea of nolo contendere qualifies as a "conviction" for purposes of federal prosecution. The fact that adjudication was withheld by State Court is immaterial in calculating the guidelines.
*Id.* at 5.

cate any cases to support that proposition. The district court then ruled as follows:

> [I]n the absence of any case decisions, I am going to rule that it is a prior sentence within the meaning of 4A1.2, it's not a conviction, a nolo plea and a withhold of adjudication, but it is a diversionary disposition under 4A1.2(f) of the Guidelines. A diversionary disposition resulting from a finding or admission of guilt or a plea of nolo contendere is a judicial proceeding, is counted as a sentence under 4A1.1(c), even if the conviction is not formally entered, except that diversion from juvenile court is not counted. So even if the conviction has not formally entered, it's counted as a conviction.
>
> In this case, there is supporting documentation there was a conviction. They *did appear before the judge, that there was a plea*—rather there was a withhold of adjudication upon a nolo plea. He appeared before the judge as reflected by Exhibit A attached to the order, and I will rule it is a clerical error, the judge did not sign it, and for all intent[s] and purposes that is a prior conviction under 4A1.2(f) of the Guidelines, and that his Guideline range is an offense level of 32, his criminal history is two. *I have no intention of departing or entering any other sentence other than I previously did.*
>
> So *the sentence that was previously entered* by this court on January 25th, 1991, *in which the defendant was sentenced as to a term of 168 months,* consisting of 168 months as to Count I and a term of 60 months as to Count 2; in terms of 120 months as to Counts 3, 4, 5, and 6, all to be served concurrently *is ratified and affirmed.*

R8–6–7 (emphasis added).

In objecting to the reimposition of Tamayo's original sentence, his recently appointed appellate counsel, after consultation with him, wanted to address additional issues related to his sentence,[3] including a reevaluation of an appropriate imprisonment term, given the time that he already had spent incarcerated. The district court clarified that it considered the mandate limited to the question on which it had ruled:

> [T]here is a very narrow matter I am to consider on the mandate, and it does not, as I read the mandate, does not require me to open up the entire case for resentencing.
>
> . . . .
>
> [I]n light of this case, and in light of the fact Mr. Tamayo did make objections at the time of his sentencing, appealed his conviction, not only as to the substance of the conviction, but objections to the presentence report, and the remand is for the limited purpose of considering whether under *United States vs. Rockman,* a prior conviction, when there is a withhold of adjudication, not being a prior sentence, could be used to calculate his criminal history. And *in obedience to strict remand principles, I cannot go beyond the narrow four corners of the mandate. So that's all I'm going to consider today.*
>
> If there are other matters that you deem that are inappropriate about the prior sentencing or the conviction, then you will have to file a 2255.

*Id.* at 9, 11–12 (emphasis added). After ruling that Tamayo's original sentence would be reimposed, the district judge explained that she would allow Tamayo's counsel ten days within which to proffer case authority showing that the judicially unsigned, state *nolo contendere* disposition was invalid and unavailable to count in his criminal history. The district judge also ordered that Tamayo remain in the district during this ten-day period to assist his counsel.

The district judge then conversed congenially with Tamayo and specifically asked him if he was learning to speak English in prison.[4] Tamayo, who had an interpreter,

---

**3.** At the resentencing proceeding, Tamayo's appellate counsel stated that she had met with Tamayo once, late in the afternoon the day before the resentencing. Tamayo is serving his sentence at the Federal Correctional Institution in Talladega, Alabama, and had to be transported to Miami, Florida, for the resentencing proceeding.

**4.** We note that the district court conversed considerably with Tamayo regarding his time in prison. In response to the court's question concern-

responded: "I can understand, but *it's very hard to speak myself* sometimes, you know." *Id.* at 16 (emphasis added). Finally, the district judge asked if counsel had any objections to the proposed resentencing. Tamayo's counsel stated that she had made all objections and did not mention that Tamayo had not been given the opportunity to allocute. Furthermore, defense counsel filed no objections, motions or memoranda within the ten-day period allowed by the district court to bring any case authority relating to the invalidity of Tamayo's judicially unsigned state *nolo contendere* disposition. Therefore, his original sentence, reinstated at the resentencing proceeding on November 4, 1993, remained effective.

Tamayo appeals his reimposed sentence on two bases. First, he contends that his resentencing is invalid because the district court did not allow him to allocute. Second, he pursues his argument that the state *nolo contendere* plea was used improperly to increase his criminal history by one point because it was unadjudicated and, alternatively, because it was unsigned by the state judge.

## II. ANALYSIS

### A. *Lack of Allocution at Resentencing Under a Limited Mandate*

"We review questions involving the legality of a criminal sentence *de novo.*" *United States v. Taylor,* 11 F.3d 149, 151 (11th Cir.1994) (per curiam). The purpose underlying the right of allocution is to permit a convicted defendant an opportunity to plead personally to the court for leniency in his sentence by stating mitigating factors and to have that plea considered by the court in determining the appropriate sentence. *Green v. United States,* 365 U.S. 301, 304–05, 81 S.Ct. 653, 655, 5 L.Ed.2d 670 (1961); *see* Fed.R.Crim.P. 32(a)(1)(C). Allocution serves an important function at initial sentencing, where the district court exercises discretion in determining an appropriate sentence. This court has remanded for resentencing because the convicted defendant was not allowed to allocute at the original sentencing in compliance with Federal Rule of Criminal Procedure 32(a)(1)(C). *United States v. Phillips,* 936 F.2d 1252, 1256 (11th Cir.1991); *see United States v. Rogers,* 848 F.2d 166, 169 (11th Cir.1988) (per curiam) (holding that a resentencing hearing may be limited to allocution only, when allocution did not occur at initial sentencing).

Similarly, a case remanded for resentencing where the sentence not only has been vacated, but also it has been opened for redetermination in its entirety is subject to the same discretionary concerns as initial sentencing. "For an initial sentencing, or even a resentencing where an *entire sentencing package* has been vacated on appeal, a hearing at which the defendant is present with counsel will generally be necessary to [ensure allocution]." *United States v. Jackson,* 923 F.2d 1494, 1497 (11th Cir.1991) (emphasis added); *see United States v. Taylor,* 11 F.3d at 151 (holding that, where the convicted defendant was not permitted to allocute at his original sentencing or at his resentencing after his entire prior sentence was set aside, the defendant must be resentenced and allowed to allocute).[5] In the con-

---

ing how Tamayo had been treated by the prison system, Tamayo responded through an interpreter: "Very well, Your Honor." R8–15. The district judge elicited that he had a job, and that he was learning English. The judge also remarked that Tamayo looked well, and he thanked her. This conversation was amiable and would have afforded Tamayo sufficient opportunity to discuss directly with the judge any concerns about his reimposed sentence, since their discussion occurred subsequent to the reinstitution of his original sentence.

**5.** Both *Taylor* and *Jackson* cite *United States v. Huff,* 512 F.2d 66 (5th Cir.1975), for the proposition that a convicted defendant's right to be present and to speak at sentencing is constitutionally based. *Taylor,* 11 F.3d at 151; *Jackson,*

923 F.2d at 1496. *Huff,* which concerned a defendant who was denied the opportunity to respond to materials delivered *ex parte* to the sentencing judge, holds that the right to be *present* and to be *represented* at sentencing is constitutionally based, and not the right of allocution. *Huff,* 512 F.2d at 71 (citing *Mempa v. Rhay,* 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967)). *Taylor* and *Jackson* are distinguishable from this case because both involved sentences vacated by the respective district courts; *Taylor* was an appeal in a 28 U.S.C. § 2255 proceeding, and *Jackson* arose from a motion to correct sentence under Federal Rule of Criminal Procedure 35. Neither addressed the right of allocution in the context of a narrow mandate like the *Tamayo I* mandate. Furthermore, *Taylor* and *Jackson* conflict with our court's holding in *United States v.*

text of a remedial sentence, however, the convicted defendant had the opportunity to rebut the presentence report and to allocute at the original sentencing hearing, where the sentencing judge made credibility determinations and fashioned an appropriate sentence for the defendant's conduct and level of culpability. *Jackson*, 923 F.2d at 1497. Thus, reconsideration or correction of a portion of the sentence can be remedied on remand, provided the modification does not make the

sentence more onerous, "but the whole [sentencing] process need not start anew." [6] *Id.*

Although Tamayo's original sentence was vacated, clearly the entire sentencing package was not to be revisited on remand because the *Tamayo I* panel limited his resentencing to the sole issue of whether the unadjudicated *nolo contendere* disposition qualified as a diversionary disposition under *Rockman* for inclusion in his criminal history.[7] The panel vacated the sentence only

---

*Fleming*, 849 F.2d 568 (11th Cir.1988) (per curiam), that "the right to allocution is *not* constitutional." *Id.* at 569; *accord Lilly v. United States*, 792 F.2d 1541, 1544 n. 4 (11th Cir.1986). We do not need to resolve this apparent conflict in our circuit law as to the constitutional basis of allocution to decide this case because the Supreme Court has made clear that allocution is not constitutionally based.

The Court did not base its holding in *Green*, a 28 U.S.C. § 2255 case, as to allocution at sentencing on the Constitution, but on Federal Rule of Criminal Procedure 32(a) and a prudent judicial advisory: "Trial judges before sentencing should, as a matter of good judicial administration, unambiguously address themselves to the defendant." *Green*, 365 U.S. at 305, 81 S.Ct. at 655. Following *Green*, the Court, in the context of a collateral attack based on a violation of Rule 32(a) held:

> The failure of a trial court to ask a defendant represented by an attorney whether he has anything to say before sentencing is imposed is not of itself an error of the character or magnitude cognizable under a writ of habeas corpus. *It is an error which is neither jurisdictional nor constitutional. It is not a fundamental defect which inherently results in a complete miscarriage of justice, nor an omission inconsistent with the rudimentary demands of fair procedure.*

*Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417 (1962) (emphasis added). In *United States v. Behrens*, 375 U.S. 162, 84 S.Ct. 295, 11 L.Ed.2d 224 (1963), a 28 U.S.C. § 2255 case, the Court subsequently held that "it was error to impose this sentence in the *absence* of respondent and his counsel." *Id.* at 166, 84 S.Ct. at 297 (emphasis added). *See Taylor*, 11 F.3d at 152; *Jackson*, 923 F.2d at 1496 (both recognizing that, while Federal Rule of Criminal Procedure 43(a) requires the convicted defendant's presence at the original sentencing, Federal Rule of Criminal Procedure 35, addressing *reduction of sentence, is an exception to the* presence requirement under Rule 43(c)(4)); *see also United States v. Moree*, 928 F.2d 654, 655–56 (5th Cir.1991) (finding that presence of the convicted defendant usually is not required for modifying an existing sentence, but remanding because district court resentenced defendant on previous remand *in absentia* ). *But see Rice v. Wood*, 77 F.3d 1138 (9th Cir.1996) (en banc)

(holding on collateral review in a death penalty case that a convicted defendant's absence from the jury's sentencing verdict was harmless error). While recognizing its venerable history, the Court has not yet confirmed the constitutional basis for the right of allocution: "This Court has not directly determined whether or to what extent the concept of due process of law requires that a criminal defendant wishing to present evidence or argument presumably relevant to the issues involved in sentencing should be permitted to do so." *McGautha v. California*, 402 U.S. 183, 218, 91 S.Ct. 1454, 1473, 28 L.Ed.2d 711 (1971).

Thus, the allocution issue that we address in this appeal is not of a constitutional dimension currently recognized by the Court. Consequently, our analysis is not overridden by constitutional concerns. Our decision results from the specific facts of Tamayo's resentencing under a limited mandate.

**6.** In addition to Tamayo's counsel's remarks at the resentencing proceeding, at which she indicated that she considered the resentencing to be for the purpose of revisiting the entire original sentence, counsel makes the following representation in her supplemental brief showing that she continues to maintain that the entire sentencing package could have been reopened on the limited mandate: "With information about Mr. Tamayo and his progress and accomplishments over the past, almost five years, since December of 1990, the court may well determine that what she found to be an appropriate sentence in December of 1990, may be inappropriate in 1995." Appellant's Supplemental Brief at 7.

**7.** *Jackson* held that "the defendant's right to be *present* extends to the *imposition of a new sentencing package* after an *original sentencing package is vacated in its entirety on appeal* and the case is remanded for resentencing." *Jackson*, 923 F.2d at 1496 (emphasis added). Aside from the fact that Tamayo's *presence* at resentencing is not at issue in this appeal, our court has been explicit when it is vacating an *entire* original sentencing package as opposed to remand for resentencing on a single issue, as in this case. *See, e.g., United States v. Williams*, 2 F.3d 363, 365 (11th Cir.1993) ("Accordingly, we vacate Williams' sentence *in its entirety* and remand this case to the district court with instructions *to*

because the sentence would have had to have been recalculated if the district court determined that the state court disposition had been counted erroneously in Tamayo's criminal history. Significantly, the *Tamayo I* panel specifically held that there was "no merit in Tamayo's objections to his sentence other than the 'prior sentence' issue." *Tamayo I* at 11 n. 3. Thus, the panel foreclosed the district court's addressing any sentencing issues that previously had been raised concerning the original sentence.

■ "The law of the case doctrine, self-imposed by the courts, operates to create efficiency, finality and obedience within the judicial system." *Litman v. Massachusetts Mut. Life Ins. Co.*, 825 F.2d 1506, 1511 (11th Cir.1987) (en banc), *cert. denied*, 484 U.S. 1006, 108 S.Ct. 700, 98 L.Ed.2d 652 (1988). An appellate decision binds all subsequent proceedings in the same case not only as to explicit rulings, but also as to issues decided necessarily by implication on the prior appeal. *Luckey v. Miller*, 929 F.2d 618, 621 (11th Cir.1991); *Heathcoat v. Potts*, 905 F.2d 367, 370 (11th Cir.1990). Accordingly, "[a] district court when acting under an appellate court's mandate, 'cannot vary it, or examine it for any other purpose than execution; or give any other or further relief; or review it, even for apparent error, upon a matter decided on appeal; or intermeddle with it, further than to settle so much as has been remanded.'" *Litman*, 825 F.2d at 1510–11 (quoting *In re Sanford Fork & Tool Co.*, 160 U.S. 247, 255, 16 S.Ct. 291, 293, 40 L.Ed. 414 (1895)). "The mandate rule is simply an application of the law of the case doctrine to a specific set of facts." *Id.* at 1511; *Piambino v. Bailey*, 757 F.2d 1112, 1120 (11th Cir. 1985), *cert. denied*, 476 U.S. 1169, 106 S.Ct. 2889, 90 L.Ed.2d 976 (1986). Our settled circuit law obligates a district court to follow our mandates, *Litman*, 825 F.2d at 1511, and not to assert jurisdiction over matters outside the scope of a limited mandate, which constitutes abuse of discretion, *Pelletier v. Zweifel*, 987 F.2d 716, 718 (11th Cir.) (per curiam), *cert. denied*, —— U.S. ——, 114 S.Ct. 311, 126 L.Ed.2d 258 (1993). *See*

*Wheeler v. City of Pleasant Grove*, 746 F.2d 1437, 1440 n. 2 (11th Cir.1984) (per curiam) ("On remand a district court is not free to deviate from the appellate court's mandate.").

■ Additionally, we have held that an appellate vacation of judgment for consideration in light of a particular decision is "much more limited in nature" than a general vacation by an appellate court, and its effect is "not to nullify all prior proceedings." *United States v. M.C.C. of Florida, Inc.*, 967 F.2d 1559, 1562 (11th Cir.1992). Because it is "in the interest of judicial economy for the [district] court not to redo that which had been done correctly at the first [sentencing] hearing," we have held that there is "nothing improper" in the district court's limiting the scope of a resentencing proceeding. *Rogers*, 848 F.2d at 169. Such restriction of matters to be considered on remand for resentencing is in compliance with our law of the case doctrine and the mandate rule. Thus, the district court in this case appropriately limited its resentencing consideration to the remanded issue of whether *Rockman* affected the use of Tamayo's unadjudicated state *nolo contendere* disposition in his criminal history calculation and declined readdressing other objections and issues relating to Tamayo's original sentencing, such as acceptance of responsibility and deportation. *See Pelletier*, 987 F.2d at 718 (reversing and remanding because the district court abused its discretion by addressing issues on resentencing outside the limited mandate).

■ We have recognized narrow exceptions to the law of the case doctrine, where there is new evidence, an intervening change in controlling law dictating a different result, or the appellate decision, if implemented, would cause manifest injustice because it is clearly erroneous. *Litman*, 825 F.2d at 1510. None of these exceptions, however, applies to the updated information proffered by Tamayo as potential reasons to reduce his original sentence. In his resentencing memorandum and objections to both the original presentence report and the presentence report requested by the district court pursuant to its mandate for resentencing, Tamayo

*fashion a new sentence* which is not inconsistent with this opinion and with [*United States v.*] *Tatum*[, 998 F.2d 893 (11th Cir.1993) (per curiam) ]" (emphasis added)).

raises issues relating to his status, his advancing age, his years in prison, and the overcrowding of the prison system, for the purpose of achieving a reduction in his imprisonment sentence. Although the district court did not allow Tamayo to address these issues at the resentencing hearing, it was aware of them because they were stated in his resentencing memorandum. Furthermore, aging, accruing incarceration time, and prison overcrowding are the inevitable consequence and implicit result of any significant prison term and readily anticipated by a sentencing judge. Because these facts asserted by Tamayo would have been understood by the district judge at the original sentencing, they do not constitute new evidence.

Importantly, the issue for determination on remand, whether the subject state court disposition was includable in Tamayo's criminal history, was a legal, not a factual, question, since there was no dispute that the *nolo contendere* plea occurred or that a sentence was imposed. After determining that the questioned state court disposition appropriately was counted in Tamayo's criminal history, the district judge unequivocally reaffirmed and reinstituted the original sentence, barring no case authority being provided within ten days that the state *nolo contendere* disposition was invalid and unavailable to be included in Tamayo's criminal history because it was unsigned by the state judge. Thus, Tamayo's reimposed sentence was not more onerous because it was the same.

Tamayo's counsel stated at the resentencing in response to the district judge's request for objections that there were no objections to Tamayo's sentence that had not been made and no additional objections have been made known to this court. Accordingly, we must presume that, other than objections to

the resolution of the mandated issue, the issues relating to Tamayo's original sentencing and presentence report as well as his updated status comprise all of his objections to his resentencing. Because these issues are either precluded by the law of the case as relating to the original sentencing or do not qualify as exceptions to this doctrine, they would have been unavailable for the district court's consideration, even if Tamayo had allocuted as to these issues.

Moreover, Tamayo did not request to allocute at his resentencing, and he did not object to not being given the opportunity to do so.[8] "Where the district court has offered the opportunity to object and a party is silent or fails to state the grounds for objection, objections to the sentence will be waived for purposes of appeal, and this court will not entertain an appeal based upon such objections unless refusal to do so would result in manifest injustice." *United States v. Jones,* 899 F.2d 1097, 1103 (11th Cir.), *cert. denied,* 498 U.S. 906, 111 S.Ct. 275, 112 L.Ed.2d 230 (1990), *overruled on other grounds, United States v. Morrill,* 984 F.2d 1136, 1137 (11th Cir.1993) (en banc); *see also Boardman v. Estelle,* 957 F.2d 1523, 1529–30 (9th Cir.) (holding in a habeas corpus appeal that the sentencing judge's denying a convicted defendant's affirmative request to allocute implicates constitutional due process, although amenable to harmless error analysis), *cert. denied,* 506 U.S. 904, 113 S.Ct. 297, 121 L.Ed.2d 221 (1992). The Supreme Court has held that a trial court's failure to allow a defendant to allocute at sentencing is neither a constitutional error nor is it "a fundamental defect which inherently results in a complete miscarriage of justice, nor an omission inconsistent with the rudimentary demands of fair procedure." *Hill v. United States,* 368 U.S.

**8.** In Tamayo's supplemental brief, his appellate counsel states: "We do not dispute that counsel did not object to the court's failure to specifically invite a statement from Mr. Tamayo before sentence was imposed." Appellant's Supplemental Brief at 2. We also note that, at his original sentencing when given the opportunity to allocute, Tamayo, a Colombian who generally spoke through an interpreter, declined and said that his counsel had spoken for him. While he had some understanding of English at his resentencing,

Tamayo admitted that his ability to speak was limited. Thus, it is questionable that he would have elected to allocute in English at the resentencing proceeding. Nevertheless, an interpreter was present, and Tamayo could have made known to the court anything that he wanted to say in Spanish, which the interpreter could have translated for the court. Most of the conversation between the district judge and Tamayo was through the interpreter.

424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417 (1962).

As we have explained, Tamayo was given the opportunity to allocute at his original sentencing, and the district court was apprised of the substance of any purported resentencing allocution through his resentencing memorandum. Under the limited mandate for resentencing, manifest injustice did not occur in this case, although Tamayo was not given the opportunity to allocute at his resentencing. Indeed, Tamayo failed to avail himself of the district court's invitation at resentencing to file supplemental authority or objections within ten days, during which time he could have discussed his case fully with his recently appointed appellate counsel, and notified the district court of his objection to not having the opportunity to allocute at resentencing. Yet, Tamayo's counsel filed nothing on his behalf and the allocution issue was not raised until this appeal. On the facts of this case, the limited mandate, the prior representation of the substance of any intended allocution, and Tamayo's failure to request allocution or object to not being given this opportunity at the resentencing proceeding or within the time permitted by the district court thereafter, we hold that the district court did not commit reversible error in not giving Tamayo the opportunity to allocute at his resentencing.

B. *Includability of the Unadjudicated and Unsigned State Nolo Contendere Disposition in the Criminal History*

▮ Having decided that the district court appropriately limited the resentencing proceeding to the single issue of whether the unadjudicated state, *nolo contendere* disposition was included properly in Tamayo's Sentencing Guidelines criminal history under *Rockman*, we now determine whether the district court correctly resolved that issue. "[W]hether a particular guideline applies to a given set of facts is a question of law ... subject to *de novo* review." *United States v. Shriver*, 967 F.2d 572, 574 (11th Cir.1992). In *Rockman*, our court held that a plea of

*nolo contendere* to a prior offense in state court, where the court withheld adjudication of guilt, is a diversionary disposition and properly calculated in a convicted defendant's criminal history under U.S.S.G. § 4A1.1(c). "A diversionary disposition resulting from a finding or admission of guilt, or a plea of *nolo contendere*, in a judicial proceeding is counted as a sentence under § 4A1.1(c) even if a conviction is not formally entered...." U.S.S.G. § 4A1.2(f). In concluding that such a diversionary disposition counts in a convicted defendant's criminal history, our court endorsed the reasoning behind the Sentencing Guidelines policy rendering this result: " 'This [counting of the prior offense] reflects a policy that defendants who receive the benefit of a rehabilitative sentence and continue to commit crimes should not be treated with further leniency.' " *Rockman*, 993 F.2d at 814 (quoting U.S.S.G. § 4A1.2(f), comment. (n. 9)). Because *Rockman* is factually aligned with this case as to the state *nolo contendere* plea, where adjudication was withheld, the same legal result or interpretation of the Sentencing Guidelines in *Rockman* controls Tamayo's case. Additionally, our court specifically has held that a Florida *nolo contendere* plea, where adjudication was withheld, is a conviction supporting an enhanced sentence under the federal statutes and the Sentencing Guidelines. *United States v. Mejias*, 47 F.3d 401, 404 (11th Cir.1995) (per curiam) (addressing 21 U.S.C. § 841(b)(1)(B)); *United States v. Jones*, 910 F.2d 760, 761 (11th Cir.1990) (per curiam) (addressing U.S.S.G. § 4B1.1). Thus, the district court properly determined that Tamayo's unadjudicated state *nolo contendere* plea was a diversionary disposition under *Rockman*.

Tamayo's alternative, invalidity argument as to the judicially unsigned state disposition was raised in his resentencing memorandum and at the resentencing proceeding by his appellate counsel, who contends that the *nolo contendere* disposition is a nullity because it was unsigned by the state judge.[9] Concern-

9. The issue of the enforceability of the *unsigned* state *nolo contendere* disposition is outside the scope of the *Tamayo I* mandate, which required the district court to determine specifically if the

unadjudicated *nolo contendere* disposition was includable in Tamayo's criminal history under *Rockman*, decided subsequent to Tamayo's original sentencing. Referring to this issue at the

ing this particular issue, the district judge asked Tamayo's counsel at his resentencing if she had any case authority for the proposition that an unsigned state disposition was invalid and unenforceable to which the counsel responded that she did not.[10] Although the district judge ruled that the unsigned state *nolo contendere* disposition was includable in Tamayo's criminal history in the absence of contrary authority, she allowed Tamayo's counsel ten days to locate cases to support the invalidity proposition:

> THE COURT: Now, I would like to say this about the issue that was presented today. I'm going to order the Marshal to cause Mr. Tamayo to remain in the district for a period of ten days. And if there are any case decisions about the fact that the judgment and conviction order was unsigned, but the court otherwise finds it was a conviction that you wish to bring to my attention within that ten-day period, you may do so.

R8–12–13. Tamayo's counsel filed no authority with the court during this ten-day period.

resentencing proceeding, the district judge stated:
> The first time there's been any objection to the fact that the judge didn't sign the document has been after the order was revealed. I don't even, frankly, remember this issue being raised at [the original] sentencing.
> But in any event, assuming that it was, *it's never been an issue about whether the judge signed the document or not. The only issue has been whether or not a withhold of adjudication upon a plea of nolo contendere is a diversionary disposition for sentencing purposes. That's been the issue.*

R8–5–6 (emphasis added). The issue of the state disposition, unsigned by the judge, could have been raised in objections to the original presentence report or in *Tamayo I,* but it was not. We would not consider this issue here, except for the fact that Tamayo's counsel raised it in Tamayo's resentencing memorandum, and both the government and the district court addressed the issue at the resentencing proceeding.

10. At the resentencing proceeding, the following exchange relating to case authority for the unenforceability of the state *nolo contendere* disposition occurred between Tamayo's counsel and the district judge:
> MS. LOWENTHAL [Tamayo's counsel]: Well, most respectfully, Your Honor, I believe that the Sentencing Guidelines says that it is a plea

In Tamayo's appellate brief from the resentencing and at oral argument, his counsel cited only Florida law on the issue of the invalidity of the *nolo contendere* disposition, unsigned by the state judge.[11] The definition of what constitutes a valid conviction for the purpose of includability in Tamayo's Sentencing Guidelines criminal history, however, is governed by "federal law, rather than state law." *Mejias,* 47 F.3d at 404. This court has held that there is a "presumption of regularity" regarding earlier state court convictions when they are challenged in subsequent federal proceedings. *United States v. Medlock,* 12 F.3d 185, 189 (11th Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 180, 130 L.Ed.2d 115 (1994). Furthermore, section 4A1.2(f) permits such a state disposition to count in a convicted defendant's criminal history, even if it is "not formally entered." U.S.S.G. § 4A1.2(f). We conclude that this provision encompasses the lack of the state judge's signature and observe that the judge's name is typed under the signature line.[12]

Significantly, Tamayo has not claimed that he did not commit the firearms and drug

of nolo contendere and a finding of guilt, and I'm not sure that without a signature of a judge this becomes a valid judgment of a court. I—
> THE COURT: All right. Well, *do you have any case decisions to that effect?*
> MS. LOWENTHAL: *No, I do not.*

R8–6 (emphasis added).

11. Florida case law, however, reveals that a judgment is rendered or entered officially when it is recorded in the clerk's minutes or on the court docket. *See Winn & Lovett Grocery Co. v. Luke,* 24 So.2d 310, 311 (Fla.1945); *Magnant v. Peacock,* 24 So.2d 314, 315 (Fla.1945). Florida courts would hold that Tamayo's judgment of guilt was rendered officially despite the absence of a judicially signed order because the docket entries in this case clearly reflect the finding of guilt and the entry of an order in open court that withholds formal adjudication. *See Shargaa v. State,* 102 So.2d 809, 813 (Fla.) (holding that entry in clerk's minutes is the best evidence of the entry of a judgment and is preferred to a judicially signed judgment), *cert. denied,* 358 U.S. 873, 79 S.Ct. 114, 3 L.Ed.2d 104 (1958).

12. The state judge's name is typed beneath the signature line on which a number appears, and the number also may refer to the state judge as many federal district judges are referenced by number in case numbers.

offenses for which he was arrested in November, 1988, the crimes to which he pled *nolo contendere*. Furthermore, the district court had the evidence of certified copies of the relevant state court record, including the clerk's entries on the state docket sheet.[13] His sole alternative argument is technical, the subject state disposition is invalid under Florida law because the judge did not sign it; thus, it cannot constitute a diversionary disposition under the Sentencing Guidelines. When the challenge to a prior judgment is merely technical based on a disposition that is unsigned by the judge, federal courts will recognize the validity of the order if there is evidence to show that the judgment or sentence actually was imposed. *See United States v. Jones*, 722 F.2d 632, 636 (11th Cir. 1983) (finding that an order imposing sentence was binding even though it was unsigned because the "reality of the situation" was that the defendant had been sentenced orally and had begun to serve his sentence); *see also United States v. Black*, 525 F.2d 668, 669–70 (6th Cir.1975) (per curiam) (holding that an unsigned state court order was sufficient to prove a prior conviction where the defendant subsequently admitted the existence of the conviction).

Tamayo does not dispute that he was sentenced to credit for three days of time served pursuant to the subject *nolo contendere* plea. We conclude that the fact that the state *nolo contendere* disposition was unsigned by the state judge does not preclude its inclusion in Tamayo's criminal history as a diversionary disposition under *Rockman*. Accordingly, the district court correctly did not recognize Tamayo's alternative argument concerning the invalidity of the state, judicially unsigned *nolo contendere* disposition.

## III.  CONCLUSION

Tamayo appeals his sentence, reimposed on remand, because he was not given the opportunity to allocute at the resentencing proceeding. He additionally argues that the district court improperly included in his criminal history an unadjudicated state *nolo contendere* disposition, which also was unsigned by the state judge. On the specific facts of this case, the district court did not commit reversible error by not giving Tamayo an opportunity to allocute at the resentencing proceeding on a mandate limiting the resentencing to the sole issue of whether the questioned state *nolo contendere* plea constituted a diversionary disposition under *Rockman* and, thus, was includable in his criminal history. As we have explained herein, the district court correctly determined that the state *nolo contendere* plea was includable in Tamayo's criminal history as a diversionary disposition and appropriately did not find the state disposition invalid because it was unsigned by the state judge. Accordingly, Tamayo's sentence, reinstituting his original sentence on remand at the resentencing proceeding, is AFFIRMED.

---

13. The evidence before the district court of Tamayo's prior diversionary disposition consisted of (1) a certified copy of the state court record, (2) an information filed by the state attorney, (3) a filed document executed by Tamayo and showing that he invoked his right to counsel and was represented by the Public Defender, (4) a copy of the official docket sheet with the clerk's minutes, which reflected that the state court had entered a finding of guilt, had issued an order withholding adjudication, and had sentenced Tamayo to credit for time served of three days, and (5) the typed but unsigned "Order Withholding Adjudication and Imposing Credit for Time Served and Costs," which reflected that Tamayo had entered a *nolo contendere* plea, that he had been found guilty, that the court had withheld adjudication of formal guilt and had sentenced him to three days with credit for time served.