[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 2, 2006
THOMAS K. KAHN
CLERK

No. 05-14612
Non-Argument Calendar

_____

D. C. Docket No. 02-60096-CR-WPD

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

IMRAN MANDHAI,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(May 2, 2006)**

Before MARCUS, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Imran Mandhai appeals his sentence for conspiracy to destroy buildings affecting interstate commerce. See 18 U.S.C. § 844(n). Three of Mandhai's arguments are not properly before this Court. Mandhai's remaining argument—that the district court imposed an unreasonable sentence—is without merit. We dismiss in part and affirm in part.

This is Mandhai's third time before this Court, and the factual background of his conviction has been thoroughly recounted in our previous decisions. United States v. Mandhai, 375 F.3d 1243 (11th Cir. 2004) (Mandhai I); see also United States v. Mandhai, 140 F. App'x 54 (11th Cir. 2005) (unpublished) (Mandhai II). In Mandhai II, this Court vacated Mandhai's sentence because of statutory error under United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005). 140 F. App'x at 56. We also affirmed the decision of the district court to consider reliable hearsay at Mandhai's sentencing hearing. Id. at 55-56. We remanded the appeal for the limited purpose of resentencing Mandhai under the advisory guidelines. Id. at 56.

In this appeal Mandhai presents four arguments. Mandhai argues that the district court erroneously applied the terrorism enhancement, U.S.S.G. § 3A1.4; the district court considered hearsay evidence at the sentencing hearing in violation of Crawford v. Washington, 541 U.S. 36, 124 S. Ct. 1354 (2004); the district court

relied on unreliable evidence at the sentencing hearing; and the district court imposed an unreasonable sentence on remand.

Mandhai's first three arguments, two of which were rejected in his earlier appeals, are not properly before this Court because his arguments were not—and could not have been—before the district court. The mandate issued by this Court in Mandhai's second appeal remanded the case for the limited purpose of resentencing under the advisory guidelines. Mandhai II, 140 F. App'x at 56. "Our settled circuit law obligates a district court to follow our mandates and not to assert jurisdiction over matters outside the scope of a limited mandate." United States v. Tamayo, 80 F.3d 1514, 1520 (11th Cir. 1996) (citations omitted). Our jurisdiction arises from the final decision of the district court, 28 U.S.C. § 1291, so this Court likewise lacks jurisdiction to review these arguments.

Mandhai's only argument properly before this Court is that the district court imposed an unreasonable sentence. Mandhai argues that the sentence is unreasonable because it is greater than necessary under the statutory factors, see 18 U.S.C. § 3553(a), but we disagree. The district court carefully and explicitly considered each of the section 3553(a) factors and found that a sentence of 168 months of imprisonment—the minimum guidelines sentence—was appropriate.

We cannot say, in the light of the conduct to which Mandhai pleaded guilty and the sentencing factors, that Mandhai's sentence is unreasonable.

**DISMISSED in part and AFFIRMED in part**.