[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 21, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-16440
Non-Argument Calendar

_____

D. C. Docket No. 98-06006-CR-ASG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALEJANDRO CORREA,
a.k.a. Alex Correa,
a.k.a. Alex Alvarez,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(September 21, 2006)**

Before DUBINA, CARNES and HULL, Circuit Judges.

PER CURIAM:

When this case was initially before us, we affirmed Alejandro Correa's conviction and sentence in all respects except that, on our own motion, we remanded the case "for the sole purpose of correcting the judgment to accurately reflect the criminal history category and guideline range under which Correa was sentenced." We did that because the district court had made a scrivener's error in the judgment. Although it adopted the presentence report and its recommended findings and used them to sentence Correa, the court had misstated in the actual judgment the criminal history and the guidelines range recommended in the report. We made it clear in our prior opinion that except for that one scrivener's error in the judgment, "Correa's convictions and sentences are AFFIRMED."

On remand the district court corrected the scrivener's error, as we had directed it to do, but Correa asked for more. He wanted a new sentence hearing which the district court declined to give him because our limited mandate did not permit it to change Correa's sentence. The district court was correct. The law of the case doctrine and the mandate rule circumscribed its authority on remand. "The law of the case doctrine, self-imposed by the courts, operates to create efficiency, finality and obedience within the judicial system. An appellate decision binds all subsequent proceedings in the same case not only as to explicit rulings, but also as to issues decided necessarily by implication on the prior appeal."

2

United States v. Tamayo, 80 F.3d 1514, 1520 (11th Cir. 1996) (quotation and citations omitted). "The mandate rule is simply an application of the law of the case doctrine to a specific set of facts. Our settled circuit law obligates a district court to follow our mandates, and not to assert jurisdiction over matters outside the scope of a limited mandate, which constitutes abuse of discretion." Id. (quotation and citations omitted).

Correa contends that an exception to the mandate rule applies for three reasons. First, he says that the Supreme Court's decision in United States v. Booker, 543 U.S. 220, 125 S.Ct. 738 (2005), constitutes a change in the governing law. We need not decide that because the district court in denying Correa's request to be resentenced explicitly stated that it would have imposed exactly the same sentence under the Booker regime it had imposed before that decision. A remand for the purpose of having the court restate that conclusion would be pointless.

Second, Correa contends that the district court should have deviated from our mandate because two of the state court convictions considered in calculating his criminal history have since been vacated and that constitutes a change in the facts. It is not a change in the facts relevant to the only matter open to the district court due to the narrow scope of the remand. We affirmed the sentence in all respects except that we directed the district court to correct the judgment to reflect

3

the criminal history and guidelines range that were set out in the presentence report which it had adopted. A subsequent change in the status of Correa's state court convictions does not change what the presentence report showed at the time of sentencing. This is not a case in which we vacated the sentence and remanded for resentencing. We expressly affirmed the sentences except for the scrivener's error, and the district court had no authority to go beyond correction of that one technical error on remand.

Correa's third contention is that because of Booker and the change in status of his state court convictions it was a miscarriage of justice for the district court not to exceed our mandate and resentence him. That argument proves too much. If we adopted that definition of miscarriage of justice, countless pre-Booker sentences would have to be reopened as would all those in which a defendant succeeds in having one or more state court convictions set aside after his federal sentence was imposed. The law does not require that.

**AFFIRMED.**[1]

---

[1] Correa's motion to file his reply brief out of time is granted. His motion to supplement the record and his motion to file a supplemental reply brief are both denied as moot.