[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 30, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-12876
Non-Argument Calendar
_____

D. C. Docket No. 01-00023-CR-CDL-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HENRY LEE CALHOUN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

**(November 30, 2006)**

Before TJOFLAT, HULL and FAY, Circuit Judges.

PER CURIAM:

Henry Lee Calhoun pled guilty to possession of marijuana with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). The district court sentenced Calhoun to 60 months' imprisonment on the drug conviction and 87 months' imprisonment on the firearm conviction, to run concurrently. On appeal, Calhoun argues that the court violated the Sixth Amendment in applying a four-level enhancement to his offense level, pursuant to U.S.S.G. § 2K2.1(b)(5), for his possession of firearms in connection with his drug offense. For the reasons set forth more fully below, we affirm Calhoun's sentences.

## I. Procedural and Factual Background

A confidential source advised authorities that Calhoun was transporting 100 pounds of marijuana from Atlanta to Columbus, Georgia, every 1 to 2 weeks. Authorities arrested Calhoun after observing him leave his house to conduct a suspected drug delivery. At the house, authorities located more than 18 kilograms of marijuana, a set of scales, 2 loaded firearms, and $850.

After his guilty plea, the district court initially sentenced Calhoun to 180 months' on the drug count and a concurrent 120 months' on the firearms count. However, we vacated and remanded on appeal, and the district court thus resentenced Calhoun to 105 months' imprisonment. Calhoun again appealed his

2

sentence and argued that the district court incorrectly calculated his adjusted offense level because the four-level enhancement under § 2K2.1(b)(5) for possession of two firearms was inappropriate. We affirmed Calhoun's 105-month sentence, finding that the record supported the district court's application of the four-level enhancement based upon Calhoun's possession of two firearms in connection with his marijuana offense.

Thereafter, Calhoun filed a motion to vacate, set aside, or correct his sentence in the district court, pursuant to 28 U.S.C. § 2255, arguing, inter alia, that he was entitled to resentencing because the state court had vacated one of his prior convictions that had served to increase his criminal history category in his underlying federal case. The district court granted his § 2255 petition on that ground and scheduled a resentencing hearing, which proceeding is the basis for the instant appeal.

Prior to Calhoun's resentencing, the probation officer prepared a new PSI based upon the offense conduct described above. The probation officer determined that the adjusted offense levels for Calhoun's drug offense and firearms offense were 18 and 26, respectively. In calculating the offense level of 26 for Calhoun's firearms offense, the probation officer noted that (1) § 2K2.1(a)(3) required a base offense level of 22 because Calhoun had a prior felony conviction for a crime of

3

violence, and (2) a 4-level enhancement applied under § 2K2.1(b)(5) because Calhoun had possessed 2 firearms in connection with the marijuana offense. The probation officer then grouped Calhoun's offenses of conviction under § 3D1.3 and recommended that his adjusted offense level be set at 26. Finally, the probation officer recommended a 3-level decrease for acceptance of responsibility, pursuant to § 3E1.1. With an adjusted offense level of 23, and a criminal history category of IV, Calhoun's guideline range was 70 to 87 months' imprisonment.

At sentencing, Calhoun objected to the probation officer's recommendation of a 4-level enhancement under § 2K2.1(b)(5) for his possession of 2 firearms in connection with the marijuana offense. Specifically, Calhoun contended that, because he did not admit to possessing the firearms in connection with his marijuana offense, he was entitled to a jury determination of that fact, pursuant to United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Calhoun admitted that the four-level enhancement had previously been affirmed by this Court on appeal, but he maintained that the change in the law after Booker warranted a resentencing in his case. The court overruled Calhoun's objection and sentenced Calhoun to 87 months' imprisonment, stating that, while it was not bound by the guideline range, it had considered the range in imposing the sentence, as instructed under Booker.

4

## II. Discussion

Calhoun argues on appeal that the district court violated the Sixth Amendment in applying the four-level enhancement for possession of two firearms to his offense level.[1] He maintains that the court's factual finding that he possessed the firearms in connection with his drug offense was unauthorized where (1) he did not admit to that fact, (2) the government did not submit testimony at sentencing in support of the finding, and (3) the record did not evidence a connection between the firearms and the drugs.

Where a defendant timely raised a Booker objection in the district court, we review the claim on appeal de novo, but reverse only for harmful error. See United States v. Paz, 405 F.3d 946, 948 (11th Cir. 2005). The base offense level for a conviction for the unlawful possession of a firearm is governed by U.S.S.G. § 2K2.1. "If the defendant used or possessed any firearm or ammunition in connection with another felony offense[,]" his offense level must be increased by four. U.S.S. G. § 2K2.1(b)(5).

In United States v. Rodriguez, 398 F.3d 1291, 1300-01 (11th Cir.), cert.

---

[1] Calhoun does not specify the Sixth Amendment in his brief, but his argument that the court erred by making findings reserved for the jury is in essence an argument that the court violated the Sixth Amendment right to a jury trial, as addressed in Booker.

5

denied, 545 U.S. 1127 (2005), we held that, after Booker, it is not a constitutional error for the district court to make extra-verdict factual findings as long as the court considers the guidelines advisory. We have similarly explained that, where the district court made findings of fact to which the defendant did not admit, but the court nonetheless applied the guidelines in an advisory manner, the court did not violate Booker. United States v. Chau, 426 F.3d 1318, 1324 (11th Cir. 2005).

As an initial matter the government contends that the district court was not required to reconsider whether the evidence sufficiently established a connection between the firearms and the drug offense because that factual issue previously had been resolved, and, thus, was part of the law of the case. Under the law of the case doctrine, "[a]n appellate decision binds all subsequent proceedings in the same case not only as to explicit rulings, but also as to issues decided necessarily by implication on the prior appeal." United States v. Tamayo, 80 F.3d 1514, 1520 (11th Cir. 1996). As exceptions to the law of the case doctrine, we may revisit a previously decided issue when (1) there is new evidence, (2) there was an intervening change in controlling law that dictates a different result, or (3) the earlier appellate decision was clearly erroneous and, if implemented, would result in a manifest injustice. Id.

First, to the extent that Calhoun challenges on appeal the substance of the

6

district court's factual finding that he possessed two firearms in connection with his drug offense, that argument is barred by the law of the case doctrine. We previously determined that the factual finding was supported by the record. Moreover, it does not fall within one of the exceptions to the doctrine because (1) no new evidence was introduced regarding Calhoun's convictions, (2) the facts underlying Calhoun's convictions were not affected by a change in controlling law, and (3) the court's application of the enhancement in the first instance was not clearly erroneous, as evidenced by our affirmance of Calhoun's sentence.

However, to the extent that Calhoun argues on appeal that the district court improperly made and relied upon its factual findings in light of Booker because the possession of the firearms as connected to the drug offense was neither admitted or found by a jury, that argument is not barred by the law of the case doctrine. Booker was decided after Calhoun's initial appeal and resentencing. Thus, it constitutes controlling law that impacts the previously decided sentencing issues in Calhoun's case. While Calhoun's Booker argument fits within an exception to the law of the case doctrine, Calhoun nonetheless fails to establish that the district court erred under Booker in applying the four-level enhancement based upon facts not admitted or found by a jury. Under Chau, a district court may make factual findings by a preponderance of the evidence if it considers a defendant's guideline range

7

advisory. <u>See</u> <u>Chau</u>, 426 F.3d at 1324. Here, the court relied upon a previous factual finding, which was affirmed by this Court, in applying the four-level enhancement under an advisory guidelines scheme. Therefore, the district court properly calculated Calhoun's offense level.

### III. Conclusion

We conclude that the district court did not violate the Sixth Amendment in applying the four-level enhancement based upon facts not admitted by Calhoun or proved to a jury. In light of the foregoing, Calhoun's 87-month sentence is

**AFFIRMED.**