[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 31, 2011
JOHN LEY
CLERK

No. 10-14247
Non-Argument Calendar
_____

D.C. Docket No. 1:95-cr-00551-KMM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID ARIAS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 31, 2011)

Before BARKETT, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

David Arias, a federal prisoner proceeding pro se, appeals the district

court's denial of his motion for "appropriate relief." We affirm.

In 1996, Arias was convicted of federal firearm and robbery charges and sentenced to a total of 408 months' imprisonment. After we affirmed his sentence on direct appeal, and his 28 U.S.C. § 2255 motion for collateral relief was denied, Arias filed a motion for a sentencing reduction pursuant to 18 U.S.C. §3582(c)(2) based on a retroactive amendment to the Guidelines. Although the district court denied the motion, we vacated and remanded for re-sentencing because we determined that the amendment retroactively affected the guideline range governing a portion of Arias's sentence.

At re-sentencing, the district court re-calculated Arias's guideline range for the affected portion of his sentence, but nonetheless exercised its discretion, denied the § 3582(c)(2) motion, and re-imposed the same sentence. The court, however, failed to re-impose that sentence in a formal written judgment. On appeal, we upheld the court's sentence, but remanded with instructions to correct the clerical error by entering a formal written judgment. The district court complied with our mandate in 2003.

Approximately seven years later, Arias filed the instant pro se "motion for appropriate relief," challenging the district court's authority to enter the amended judgment. The district court denied the motion.

While we doubt that Arias's belated motion was timely, let alone cognizable

at all, we nonetheless agree with the district court that Arias's motion was due to be denied because the amended judgment was entered pursuant to a mandate issued by this Court. As such, it is barred by the law of the case doctrine. See United States v. Tamayo, 80 F.3d 1514, 1520 (11th Cir. 1996). Arias's remaining arguments are not properly before us. Accordingly, we affirm.

**AFFIRMED.**