[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-15700
Non-Argument Calendar

_____

D.C. Docket No. 2:13-cr-00109-WS-C-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NORRIS DEWAYNE JOHNSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(June 23, 2014)

Before TJOFLAT, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Norris Dewayne Johnson appeals his total sentence of 108 months' imprisonment, imposed after pleading guilty to two counts of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Johnson appeals the

district court's "denial of the opportunity to present evidence" in the form of witness testimony at the sentencing hearing. He says that he sought to introduce this evidence in an effort to show that he acted in self-defense so that he would not be sentenced under the guideline that cross-references the attempted murder guideline, U.S.S.G. §§ 2K2.1 and 2A2.1. After careful review, we affirm.

When a party does not object to a perceived sentencing error at the district court, we review for plain error only. United States v. Castro, 455 F.3d 1249, 1251 (11th Cir.2006). If there is (1) an error (2) that is plain and (3) affects substantial rights, then we may exercise our discretion to correct the error, but only if (4) the error seriously affects the fairness, integrity, and public reputation of judicial proceedings. United States v. Lewis, 492 F.3d 1219, 1222 (11th Cir. 2007) (en banc). For an error to have affected substantial rights, the defendant must show that it "affected the outcome of the district court proceedings." See United States v. Rodriguez, 398 F.3d 1291, 1299 (11th Cir. 2005) (quotations omitted). To meet this burden, the defendant must establish a reasonable probability of a different result but for the error. Id. In applying the manifest injustice standard, we ask whether the error was a fundamental defect that inherently results in a miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure. See United States v. Tamayo, 80 F.3d 1514, 1521-22 (11th Cir. 1996).

Here, Johnson failed to raise his argument at sentencing. The record clearly

reflects that Johnson never attempted to call his witnesses at the sentencing hearing even though the district court allowed him to subpoena them and they were present at the hearing.  Johnson cannot argue that "the court refused to allow [him] to put on his witnesses," when he never allowed the district court a chance for refusal. We therefore review for plain error.

Under the plain error standard of review, Johnson cannot show that his substantial rights were affected by his witnesses not testifying at the sentencing hearing.  Indeed, even though Johnson's witnesses never testified at the sentencing hearing, the record shows that Johnson's lawyer made the district court fully aware of what the witnesses' proffered testimony would be -- that Johnson acted in self-defense on the day in question.  The court nevertheless allowed the cross-reference to attempted murder based on the facts Johnson admitted at his plea colloquy.  The court then adopted the PSI's guideline calculations (including the cross-reference) and imposed a sentence within the applicable guideline range.  Under these facts, Johnson cannot show a reasonable probability that the ultimate outcome -- his sentence -- would have been different if his witnesses had been allowed to testify at sentencing.  See United States v. Gallego, 247 F.3d 1191, 1198-99 (11th Cir. 2001) (error did not affect defendant's substantial rights, and could not be basis for plain error relief, where undisputed evidence supported enhanced sentencing range).  Thus, he cannot meet his burden of showing that his substantial rights

3

were affected by the error, if any, and his argument cannot meet the bar set for plain error review.  There being no "fundamental defect" here that would result in a miscarriage of justice, Johnson cannot show that manifest injustice would result from this Court refusing to consider his claim.  Tamayo, 80 F.3d at 1521-22.

**AFFIRMED.**