[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-15933
Non-Argument Calendar

_____

D.C. Docket No. 2:07-cr-00395-RDP-JHE-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES LERAY MCINTOSH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(July 29, 2014)

Before TJOFLAT, FAY, and EDMONDSON, Circuit Judges.

PER CURIAM:

James LeRay McIntosh appeals his underlying convictions for various drug offenses and the district court's authority and jurisdiction to resentence him upon our previous decision in *United States v. McIntosh*, 704 F.3d 894 (11th Cir.) ("*McIntosh II*"), *cert. denied*, 134 S.Ct. 470 (2013), remanding for resentencing consistent with the penalty provisions of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010). On appeal, he argues at length that the district court lacked the legal authority to resentence him without a pending indictment. He contends that the resentencing violated due process, double jeopardy, 18 U.S.C. §3231, and many rules of criminal procedure.

"We review questions involving the legality of a criminal sentence *de novo*." *United States v. Tamayo*, 80 F.3d 1514, 1518 (11th Cir. 1996).

Under the law-of-the-case doctrine, "[a]n appellate decision binds all subsequent proceedings in the same case." *United States v. Amedeo*, 487 F.3d 823, 829-30 (11th Cir. 2007). We have recognized three exceptions to that general rule. *Id.* at 830. They are where "(1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to that issue, or (3) the prior [appellate] decision was clearly erroneous and would work manifest injustice." *Id.* (alteration in original).

2

On remand, a district court's authority is limited to the scope of the mandate that we issue. *United States v. M.C.C. of Florida, Inc.*, 967 F.2d 1559, 1562 (11th Cir. 1992). "Our settled circuit law obligates a district court to follow our mandates, and not to assert jurisdiction over matters outside the scope of a limited mandate." *Tamayo*, 80 F.3d at 1520 (citation omitted). When acting pursuant to such a mandate, a district court "cannot vary it, or examine it for any other purpose than execution; or give any other or further relief; or review it, even for apparent error, upon a matter decided on appeal; or intermeddle with it, further than to settle so much as has been remanded." *Id.*

Under the prior-panel-precedent rule, our panel is bound to follow a prior binding precedent unless and until we overrule it sitting *en banc* or it is overruled by the Supreme Court. *United States v. Vega-Castillo*, 540 F.3d 1235, 1236 (11th Cir. 2008). "[W]e have categorically rejected an overlooked reason or argument exception to the prior precedent rule." *United States v. Johnson*, 528 F.3d 1318, 1320 (11th Cir. 2008), *rev'd on other grounds*, 559 U.S. 133, 130 S.Ct. 1265, 176 L.Ed.2d 1 (2010).

Upon review of the entire record and after consideration of the parties' briefs, we affirm.

Here, the issues and arguments that McIntosh relies upon in challenging his underlying convictions and the current sentences are identical to those points we

3

already ruled upon in *McIntosh II*.  Accordingly, that decision is binding and precludes McIntosh from obtaining the relief he requests: both the law-of-the-case doctrine and prior-panel-precedent rule.

**AFFIRMED.**