[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-13183
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cr-20914-WPD-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHUCK WAYNE BOYD,
a.k.a. Dred,
a.k.a. Jamaican,
a.k.a. Bumble Bee,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 26, 2018)

Before WILSON, WILLIAM PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Chuck Wayne Boyd appeals pro se the district court's denial of his second motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2), the district court's denial of his Federal Rule of Civil Procedure 60(b) motion, and the district court's denial of his motion for reconsideration.  Boyd bases his appeal on Amendment 782 to the United States Sentencing Guidelines.  He argues that he was eligible for a sentence reduction under Amendment 782, that he improperly received a criminal history category of VI, and that his 300-month sentence created a sentencing disparity and therefore violated 18 U.S.C. § 3553(a).

Pleadings drafted pro se "are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam).  However, a pro se appellant still abandons an issue when he fails to offer argument on the issue in his brief.  *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (per curiam).

Boyd's pro se brief does not mention the denial of his Rule 60(b) motion or the denial of his motion for reconsideration and thus he has abandoned any arguments as to those aspects of his appeal.  *Id.*  As to Boyd's motion to reduce his sentence, the district court did not err by denying his motion because we have previously affirmed the district court's first denial of his motion to reduce his sentence based on Amendment 782 and he has not demonstrated any exceptions to the law-of-the-case doctrine.  *See United States v. Boyd*, No. 15-13154 (11th Cir.

December 3, 2015) (per curiam) (unpublished order); *United States v. Tamayo*, 80 F.3d 1514, 1520 (11th Cir. 1996) (explaining that under the law-of-the-case doctrine "[a]n appellate decision binds all subsequent proceedings in the same case not only as to explicit rulings, but also as to issues decided necessarily by implication on the prior appeal"). Accordingly, we affirm.

**AFFIRMED.**