[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 22, 2005
THOMAS K. KAHN
CLERK

No. 05-10033
_____

D. C. Docket No. 00-00933-CR-SH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ORLANDO E. PUCHE,

Defendant-Appellant.

_____

No. 05-10035
_____

D. C. Docket No. 00-00933-CR-SH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ENRIQUE ALFONSO PUCHE,

Defendant-Appellant.

_____

No. 05-10037

_____

D. C. Docket No. 00-00933-CR-SH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MAURICIO JAVIER PUCHE,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Southern District of Florida
_____
(November 22, 2005)

Before HULL, MARCUS and HILL, Circuit Judges.

PER CURIAM:

Appellants Orlando, Enrique, and Mauricio Puche (the "Puches") appeal

their sentences imposed after a limited remand from this Court. On appeal, the

Puches argue that in resentencing them the district court (1) committed Booker

2

error, (2) erroneously failed to allow them allocution, and (3) applied the incorrect version of the Sentencing Guidelines. After review and oral argument, we vacate their sentences and remand for resentencing by the district court in accordance with United States v. Booker, 125 S. Ct. 738 (2005).

## I. BACKGROUND

### A. Original Sentencing

After a jury trial, the Puches were convicted of conspiracy to commit money laundering, in violation of 18 U.S.C. §§ 1956(a)(3) & (h). The district court held a sentencing hearing on April 29, 2002. At that hearing, the district court assigned Orlando Puche a total adjusted offense level of 36, which, combined with his criminal history category of I, yielded a range of 188 to 235 months' imprisonment. The district court assigned Enrique and Mauricio Puche each a total adjusted offense level of 34, which, when combined with their criminal history category of I, yielded a range of 135 to 168 months' imprisonment. The district court sentenced the Puches to the low ends of their respective sentencing ranges, sentencing Orlando Puche to 188 months' imprisonment and Enrique and Mauricio Puche to 151 months' imprisonment.

### B. First Appeal

The Puches appealed their convictions, sentences, and a forfeiture order. On November 12, 2003, this Court issued an opinion affirming the Puches'

3

convictions. United States v. Puche, 350 F.3d 1137 (11th Cir. 2003). With regard to their sentences, this Court concluded that the district court did not err in using the base offense level for "promotion" money laundering or in determining the amount of funds laundered. Id. at 1154-55. However, this Court concluded that the district court did err in failing to apply the three-level reduction in U.S.S.G. § 2X1.1(b)(2) (2000). Id. at 1156-57.

Accordingly, this Court vacated the Puches' sentences and remanded the Puches' cases to the district court "for the limited purpose of applying the three-level reduction under U.S.S.G. § 2X1.1(b)(2) and then resentencing within the resulting U.S.S.G. range." Id. at 1157. Thus, this Court instructed the district court on remand to do only two things: (1) apply the § 2X1.1(b)(2) three-level reduction; and (2) resentence the Puches within the resulting Sentencing Guidelines range.

## C. Resentencing

On remand, the probation office prepared new Presentence Investigation Reports ("PSIs") for the Puches reflecting the three-level reduction directed by this Court. For Orlando Puche, the PSI recommended a total adjusted offense level of 33, which, combined with his criminal history category of I, yielded a Sentencing Guidelines range of 135 to 168 months' imprisonment. For Enrique and Mauricio Puche, the PSI recommended a total adjusted offense level of 31, which, combined

4

with their criminal history category of I, yielded a Sentencing Guidelines range of 108 to 135 months' imprisonment.

The Puches each objected to their respective PSIs, asserting that (1) the probation office should have used a later edition of the Sentencing Guidelines manual, rather the 2000 manual, in calculating their sentences, (2) their revised PSIs should have included their exemplary records during incarceration, (3) Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531 (2004), required resentencing without regard to the Sentencing Guidelines, and (4) the district court's and this Court's determinations as to the amount of money laundered were erroneous.

The government opposed the Puches' objections, arguing, inter alia, that Blakely did not apply to the Sentencing Guidelines, that the limited mandate from this Court precluded the district court from revisiting the calculations of their offense levels other than the three-point reduction under § 2X1.1(b)(2), and that the district court was required to apply the 2000 Sentencing Guidelines on remand. See 18 U.S.C. § 3742(g)(1) (stating that in resentencing on remand, a district court shall apply the Sentencing Guidelines in effect at the time of the previous sentencing).

The Puches also filed a motion seeking sentencing consistent with Blakely. The government responded, inter alia, that Blakely did not apply to the Sentencing

5

Guidelines.

The district court then held a resentencing hearing on December 17, 2004.

At that hearing, the district court determined that Blakely did not apply to the

Puches' sentences. The district court also did not allow the Puches to argue their

claims and instead summarily rejected all of the Puches' claims. The district court

applied the mandated three-level reduction and sentenced the Puches within their

mandatory Sentencing Guidelines ranges, as follows:

> This will be a very brief hearing, for the instructions of the 11th Circuit were quite clear, and that is that this Court had incorrectly added three levels that increased the punishment, the low end of the punishment in any event. That is the purpose of the remand. Probably if we could exercise substance over form, this hearing probably would not even have been necessary. I could have accomplished it [] merely through an order. I know that there is a matter that has already been addressed by the parties, and that is with regard to resentencing pursuant to Blakely. The Government is absolutely correct. My very excellent law Clerk, David Lance [], researched the matter for me, and it is quite correct that Title 18, United States Code Section 3742G1 provides that if a case is remanded to a district court by the Court of Appeals, the Court is to use the guidelines that were in effect on the date of the sentence. The guideline books – the guidelines – the 2000 guidelines book should be utilized, and it will. As I have indicated, there was a motion to apply Blakely, and they wish to argue it. I have reviewed that very carefully. It would be ridiculous for me to entertain argument at this time for the simple reason that would, again, be form over substance. I've made up my mind, Blakely does not apply, and it will not be applied in this case. Nor will I hear any resentencing matters. We had whatever needed to be said at the time of the original sentencing, and the only purpose of this hearing is to do that[] which this Court should have done properly sometime ago at the time of original sentencing. For that reason, this Court will in standard [sic] enter an

6

order providing that Enrique, and Mauricio, their sentence will in reduced, effective obviously, retroactively to 108 months. Orlando will be resentenced retroactively to a prison term of 135 months, all of the Court's original orders, and all of the other conditions imposed at the time will remain in full force and effect. That will also be set out in the order. I know this is not what many anticipated, but again, to be repetitive, I much prefer substance over form. Thank you very much, this hearing is adjourned.

The district court reduced Orlando Puche's sentence from 188 to 135 months' imprisonment, the low end of his new Sentencing Guidelines range. The district court reduced Enrique and Mauricio Puche's sentences from 151 to 108 months' imprisonment, also the low end of their new range. The district court sentenced the Puches within the Sentencing Guidelines range as directed by this Court's remand.

The Puches filed a motion for reconsideration asking the district court to address the issue of which Sentencing Guidelines manual applied and to permit them to allocute. The district court denied the motion for reconsideration and entered an amended judgment and commitment reflecting the sentences imposed.

The Puches now appeal.

## II. DISCUSSION

### A.    **Blakely**/**Booker** claim

On appeal, the Puches first argue that they are entitled to resentencing under Blakely and Booker. The government concedes that it cannot show that the mandatory application of the Sentencing Guidelines was harmless and that thus the

7

Puches are entitled to vacatur of their sentences and to a limited remand for resentencing under an advisory Sentencing Guidelines system.

In Booker, the Supreme Court clarified that "the Sixth Amendment as construed in Blakely does apply to the Sentencing Guidelines." Booker, 125 S. Ct. at 746. As this Court has explained, the constitutional error in pre-Booker sentencing under the Sentencing Guidelines "is the use of extra-verdict enhancements to reach a guidelines result that is binding on the sentencing judge; the error is the mandatory nature of the guidelines once the guidelines range has been determined." United States v. Rodriguez, 398 F.3d 1291, 1301 (11th Cir.), cert. denied, 125 S. Ct. 2935 (2005). Even in the absence of a Sixth Amendment violation, a district court commits statutory Booker error by applying the Sentencing Guidelines as mandatory rather than as advisory. United States v. Shelton, 400 F.3d 1325, 1330-31 (11th Cir. 2005).

Here, the Puches do not argue that their Sixth Amendment rights were violated. Rather, they argue that the district court committed statutory Booker error in sentencing them under a mandatory Sentencing Guidelines regime.[1]

It is clear from the record that the district court applied the Sentencing Guidelines as mandatory. In the original sentencing proceedings, which preceded

---

[1]Because the Puches raised the Blakely/Booker issue before the district court, we review their claim de novo. United States v. Paz, 405 F.3d 946, 948 (11th Cir. 2005).

Blakely, the district court stated regarding the Sentencing Guidelines, "I am constrained and obligated by my position to apply those guidelines whether I agree with them or not." The district court further stated that "[t]he sentencing guidelines in this instance are quite harsh, and the court recognizes that." The district court then sentenced each of the Puches within their Sentencing Guidelines ranges as directed by this Court's remand. Thus, the district court committed statutory Booker error by sentencing the Puches under a mandatory system.

Booker error is subject to harmless-error review. United States v. Paz, 405 F.3d 946, 948 (11th Cir. 2005). There are two standards for the harmless-error test. To establish a constitutional error was harmless, the government must demonstrate that the error did not affect the substantial rights of the parties. Id. To show statutory harmless error, the government is held to a less demanding standard, but must show that, viewing the proceedings in their entirety, the error had no effect or a very slight effect on the sentence. United States v. Mathenia, 409 F.3d 1289, 1291-92 (11th Cir. 2005). Here, the government concedes that it cannot show the Booker error was harmless because "the record contains no indication of the sentence that the district court would have imposed if the guidelines regime were strictly advisory rather than mandatory." Accordingly, the Booker error in the Puches' cases is not harmless.

Before we leave the Booker issue, we point out why the mandate rule and

9

the law-of-the-case doctrine do not preclude our consideration of the Booker issue in this particular case.[2] This Court's limited mandate was clear and explicit – the district court was directed to "apply[] the three-level reduction under U.S.S.G. § 2X1.1(b)(2) and then resentenc[e] within the resulting U.S.S.G. range." Puche, 350 F.3d at 1157 (emphasis added). In so directing, this Court necessarily concluded that the Sentencing Guidelines were to be applied in a mandatory fashion. See United States v. Tamayo, 80 F.3d 1514, 1520 (11th Cir. 1996) ("An appellate decision binds all subsequent proceedings in the same case not only as to explicit rulings, but also as to issues decided necessarily by implication on the prior appeal.").

A district court acting under an appellate court's mandate "cannot vary it, or examine it for any other purpose than execution; or give any other or further relief; or review it, even for apparent error, upon a matter decided on appeal; or intermeddle with it, further than to settle so much as has been remanded." Litman v. Mass. Mut. Life Ins. Co., 825 F.2d 1506, 1510-11 (11th Cir. 1987) (internal quotation marks and citation omitted). Under the law-of-the-case doctrine and the mandate rule, both the district court and the court of appeals generally are "bound by findings of fact and conclusions of law made by the court of appeals in a prior

---

[2]"The mandate rule is simply an application of the law of the case doctrine to a specific set of facts." Litman v. Mass. Mut. Life Ins. Co., 825 F.2d 1506, 1511 (11th Cir. 1987).

appeal of the same case." United States v. Stinson, 97 F.3d 466, 469 (11th Cir. 1996). However, an exception to this general rule applies where "controlling authority has since made a contrary decision of law applicable to that issue." Id.

This exception applies here. Since this Court's limited mandate was issued, the Supreme Court decided Blakely and Booker – controlling authority that requires a contrary conclusion. See United States v. Lang, 405 F.3d 1060, 1064 (10th Cir. 2005) (concluding that Blakely "constituted a dramatic change in the legal landscape" justifying an exception to the mandate rule). Consequently, the Blakely/Booker issue in this case falls within an exception to the mandate rule and the law-of-the-case doctrine.

## B. Allocution Rights

The Puches next argue that the district court committed reversible error in denying them the opportunity for allocution at their resentencing hearing. Specifically, they argue that they were improperly denied an opportunity to speak about the Booker issue raised in the district court and in this appeal. Because we are now remanding this case for resentencing pursuant to Booker, we need not decide this issue.

## C. Sentencing Guidelines Version

Finally, the Puches argue that the district court erred in applying at their resentencing the Sentencing Guidelines version effective November 1, 2000, which

11

was used at their original sentencing, instead of the version effective November 1, 2001. The Puches argue the November 2000 version was incorrectly applied in their original sentencing as well as their resentencing. However, they failed to challenge the use of the November 2000 Sentencing Guidelines in their original sentencing proceedings or in their first appeal.

Pursuant to 18 U.S.C. § 3742(g)(1),[3] a district court resentencing a defendant on remand "shall apply the guidelines . . . that were in effect on the date of the previous sentencing of the defendant prior to the appeal, together with any amendments thereto by any act of Congress that was in effect on such date . . . ." Based on this provision, the district court applied the November 2000 Sentencing Guidelines utilized at the Puches' first sentencing. Specifically, the district court stated at resentencing that

> Title 18, United States Code Section 3742G1 provides that if a case is remanded to a district court by the Court of Appeals, the Court is to use the guidelines that were in effect on the date of the sentence. The guideline books – the guidelines – the 2000 guidelines book should be utilized, and it will.

The district court properly determined that it was required by § 3742(g)(1), as well as the mandate rule, to apply the November 2000 Sentencing Guidelines. The district court applied the November 2000 Sentencing Guidelines at the Puches'

---

[3]Section 3742(g)(1) is one provision of the Prosecutorial Remedies and Other Tools to End the Exploitation of Children Today Act of 2003 (the PROTECT Act), which was signed into law on April 30, 2003.

original sentencing, and the Puches did not object or challenge on appeal the application of that version. This Court affirmed the district court's sentencing determinations other than the failure to grant the three-point reduction under U.S.S.G. § 2X1.1(b)(2) and remanded the Puches' cases for the limited purposes of applying the three-point reduction and sentencing within the mandatory Sentencing Guidelines range. Under these circumstances, the Puches missed their opportunity to contest the application of the November 2000 Sentencing Guidelines. The mandate rule prevented the district court from reexamining this issue on remand. See Tamayo, 80 F.3d at 1520; United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993) (stating that the mandate rule "forecloses litigation of issues decided by the district court but foregone on appeal or otherwise waived, for example because they were not raised in the district court"). Thus, the district court did not err in applying the November 2000 Sentencing Guidelines or in calculating Orlando Puche's Sentencing Guidelines range as 135 to 168 months' imprisonment and in calculating Enrique and Mauricio Puche's sentencing range as 108 to 135 months' imprisonment.

## III. CONCLUSION

For the foregoing reasons, we vacate and remand the Puches' sentences for the limited purpose of resentencing pursuant to Booker but affirm the district court's conclusion that the November 2000 Sentencing Guidelines apply to the

13

Puches' cases. On remand, the district court is required to sentence the Puches under an advisory Sentencing Guidelines regime, and shall consider the Sentencing Guidelines range of 135 to 168 months' imprisonment for Orlando Puche, and the range of 108 to 135 months' imprisonment for Enrique and Mauricio Puche, and "other statutory concerns as well, see [18 U.S.C. § 3553(a) (Supp. 2004)." Booker, 125 S. Ct. at 757; see United States v. Crawford, 407 F.3d 1174, 1178 (11th Cir. 2005) (stating that after Booker, district courts must consult the Sentencing Guidelines and that "[t]his consultation requirement, at a minimum, obliges the district court to calculate correctly the sentencing range prescribed by the Guidelines").[4]

**AFFIRMED IN PART, VACATED AND REVERSED IN PART, AND REMANDED.**

---

[4]We do not mean to imply that on remand the district court must impose a lesser sentence. Rather, we merely hold that the government has failed to meet its burden to show that the Booker statutory error of sentencing under a mandatory Sentencing Guidelines regime was harmless.

We also will not attempt to decide now whether a particular sentence below, above, or within the Sentencing Guidelines range might be reasonable in this case. If there is an appeal of the actual post-remand sentence which raises that issue, we can decide it then.