[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 9, 2007
THOMAS K. KAHN
CLERK

No. 06-14871
Non-Argument Calendar

_____

D. C. Docket No. 04-00225-CR-T-24MAP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSEPH HAYNES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(May 9, 2007)**

Before BIRCH, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Joseph Haynes appeals his 78-month sentence, imposed upon resentencing,

for knowingly attempting to entice a minor to engage in a sexual act by using a facility of interstate commerce, in violation of 18 U.S.C. § 2422(b). After review, we affirm.

## I. BACKGROUND

Haynes, who was 47 years old at the time, contacted and participated in online chats with "kaci_fl_gurl," an undercover Federal Bureau of Investigation agent posing online as a 14-year-old girl. Haynes discussed with "Kaci," among others, his desire to teach her about sex and to perform various sexual activities with her.

A jury convicted Haynes of one count of knowingly attempting to entice a minor to engage in a sexual act by using a facility of interstate commerce. At his first sentencing, Haynes objected to various sentencing enhancements under the Sentencing Guidelines recommended in his presentence investigation report ("PSI"), including a 2-point enhancement for unduly influencing a minor, pursuant to U.S.S.G. § 2A3.2(b)(2)(B) (2003). The district court overruled his objections. With a total offense level of 27 and a criminal history category of I, Haynes's guidelines range was 70 to 87 months. The district court sentenced Haynes to a 78-month sentence.

Haynes appealed his sentence and conviction. This Court affirmed his

2

conviction, but vacated his sentence and remanded for resentencing in light of United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005). In so doing, the Court noted that there was sufficient evidence for the district court to apply the U.S.S.G. § 2A3.2(b)(2)(B) enhancement, but that by applying the enhancement under a mandatory regime, the district court had committed constitutional Booker error. The Court concluded, therefore, that "[t]he district court correctly calculated Haynes's guidelines range as 70 to 87 months and need not revisit the guidelines calculations . . . ."

On remand, Haynes contested the 2-point enhancement under U.S.S.G. § 2A3.2(b)(2)(B) on grounds that Haynes had not actually intended to unduly influence a minor. The district court reminded Haynes that it would not reconsider the guidelines calculations. Haynes explained that his argument was directed toward consideration of the 18 U.S.C. § 3553(a) factors and imposing a reasonable sentence. Haynes requested the statutory mandatory minimum sentence of 60 months' imprisonment.

The district court stated that, after considering the § 3553(a) factors, it was inclined, if anything, to impose a sentence above the advisory guidelines range. The district court noted that it had specifically considered: (1) Haynes's history; (2) the seriousness of the offense; and (3) the need to promote respect for the law

3

and to provide just punishment. The district court re-imposed a 78-month sentence. Haynes filed this second appeal.

## II. DISCUSSION

On appeal, Haynes argues that his sentence is unreasonable because the district court failed to adequately explain the reasons for the sentence it imposed or acknowledge Haynes's arguments for a lesser sentence.[1]

After Booker, a district court, in determining a reasonable sentence, must consider the correctly calculated advisory guidelines range and the § 3553(a) factors. United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005). Although the district court must consider the § 3553(a) factors, "nothing in Booker or elsewhere requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005).

We review a defendant's ultimate sentence for reasonableness in light of the § 3553(a) factors. United States v. Williams, 435 F.3d 1350, 1353 (11th Cir.

---

[1]Haynes also argues that the district court improperly applied the 2-point undue influence of a minor enhancement pursuant to U.S.S.G. § 2A3.2(b)(2)(B). However, this issue is foreclosed by the law-of-the-case doctrine. See United States v. Tamayo, 80 F.3d 1514, 1520 (11th Cir. 1996). This issue was raised in Haynes's first appeal. This Court concluded that there was sufficient evidence to support the § 2A3.2(b)(2)(B) enhancement and that the guidelines range had been calculated correctly. Moreover, our limited remand was solely for the district court to consider that correctly calculated advisory guidelines range and the other § 3553(a) factors in determining a reasonable sentence post-Booker.

4

2006). This "[r]eview for reasonableness is deferential," and "when the district court imposes a sentence within the advisory Guidelines range, we ordinarily will expect that choice to be a reasonable one." Talley, 431 F.3d at 788. "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both [the] record and the factors in section 3553(a)." Id.

Here, Haynes has not shown that his 78-month sentence was unreasonable. The district court explicitly noted that it had considered the § 3553 factors and specifically addressed Haynes's history, the nature and circumstances of his offense and the need to promote respect for the law and to provide just punishment. See Scott, 426 F.3d at 1329-30; 18 U.S.C. § 3553(a)(1), (2). The district court did not, and was not required to, discuss each § 3553(a) factor or address every argument urged by Haynes in mitigation.

**AFFIRMED.**