**UNITED STATES of America,**
**Plaintiff–Appellee,**

**v.**

**Robert MOORMAN, Jose Albanez a/k/a Joe Pine, Earl Bowers, V.L. Underhill, Jeff Underhill, Richard Hales, Defendants–Appellants.**

**No. 87–5404.**

United States Court of Appeals,
Eleventh Circuit.

Sept. 19, 1991.

Benton L. Becker, Coral Gables, Fla., Arthur Joel Berger, Miami, Fla., for Albanez.

Jon May, Miami, Fla., for V.L. & Jeff Underhill.

Roy E. Black, Black & Furci, P.A., Miami, Fla., for Hales.

J. Robert Cooper, Atlanta, Ga., for Moorman.

James McAdams, Linda Collins Hertz, Alice Ann Burns, Adrienne Rabinowitz, Asst. U.S. Attys., Miami, Fla., for plaintiff-appellee.

Theodore J. Sakowitz, Jacqueline Rubin, Miami, Alison Marie Igoe, Asst. Federal Public Defenders, Miami, Fla., for Bowers.

Before ANDERSON, Circuit Judge, RONEY * and LIVELY **, Senior Circuit Judges.

---

* *See* Rule 34–2(b), Rules of the U.S. Court of Appeals.

** Honorable Pierce Lively, Senior U.S. Circuit Judge for the Sixth Circuit, sitting by designation.

PER CURIAM:

Six defendants, Robert Moorman, Jose Albanez a/k/a "Joe Pine," Earl Bowers, V.L. Underhill, Jeff Underhill and Richard Hales, who were part of a large conspiracy to import cocaine into the United States, appeal their convictions, each asserting various grounds of error. We affirm.

All six defendants were convicted of conspiracy to import cocaine into the United States, in violation of 21 U.S.C. §§ 960(a)(1), 952(a), and 963, importation of cocaine, in violation of 21 U.S.C. §§ 952(a), and 960(a)(1), and conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1). Four of the defendants, Jose Albanez a/k/a "Joe Pine," Earl Bowers, V.L. Underhill, and Richard Hales, were convicted of engaging in a continuing criminal enterprise in violation of 21 U.S.C. § 848. Three of those four defendants, Earl Bowers, V.L. Underhill, and Richard Hales, argue that the district court erred when it denied a request for a specific jury instruction requiring the jurors to unanimously identify the five individuals that were managed, organized, or supervised in the course of the continuing criminal enterprise. Because this issue has not been directly addressed in our Circuit we discuss it below. All other issues raised by defendants are addressed in an unpublished appendix to this opinion.

■ The district court's refusal to give a requested jury instruction warrants reversal only if (1) the instruction is substantially correct, (2) the requested instruction was not addressed in the charge actually given, and (3) the failure to give the requested instruction seriously impaired the defendant's ability to present an effective defense. *United States v. Bollinger,* 796 F.2d 1394, 1403 (11th Cir.1986), *cert. denied sub nom.,* 486 U.S. 1009, 108 S.Ct. 1737, 100 L.Ed.2d 200 (1989), *citing United States v. Lopez,* 758 F.2d 1517, 1521 (11th Cir.1985), *cert. denied,* 474 U.S. 1054, 106 S.Ct. 789, 88 L.Ed.2d 767 (1986).

■ The statute which defines "engaging in a continuing criminal enterprise" ("CCE"), 21 U.S.C. § 848(b), requires the Government to prove, among other things, that the defendant acted in concert with five or more other persons with respect to whom the defendant occupied the position of organizer, supervisor or manager. *Garrett v. United States,* 471 U.S. 773, 781, 105 S.Ct. 2407, 2413, 85 L.Ed.2d 764 (1985). The purpose of this statute, a part of the Comprehensive Drug Abuse Prevention and Control Act of 1970, is "to reach the 'top brass' in the drug rings, not the lieutenants and foot soldiers." *Id.*

In prior cases we have held that the trial court's failure to instruct the jury that they had to be unanimous in deciding which five persons were supervised did not constitute *plain error. See United States v. Curry,* 902 F.2d 912, 914–915 (11th Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 973, 112 L.Ed.2d 1059 (1991); *United States v. Raffone,* 693 F.2d 1343, 1347–1348 (11th Cir. 1982) *cert. denied sub nom.,* 461 U.S. 931, 103 S.Ct. 2094, 77 L.Ed.2d 303 (1983). Since the instruction was requested in this case, we must directly address whether the statute requires that the jury unanimously agree on the identities of the five or more subordinates, or whether it allows individual jurors to differ as to which persons constitute the group of five required by the statute.

Other circuits which have decided this precise issue have all declined to require that the trial court give a specific unanimity instruction as to the identities of the "five or more other persons." *See United States v. Jackson,* 879 F.2d 85, 87–89 (3rd Cir.1989) (Third Circuit upheld trial court's refusal to give requested instruction that "all twelve members of the jury agree on the same five or more such persons"); *United States v. Tarvers,* 833 F.2d 1068, 1073–1075 (1st Cir.1987) (First Circuit upheld jury charge that explicitly stated that the jurors did *not* have to agree unanimously on the identities of the five persons involved); *United States v. Markowski,* 772 F.2d 358, 364 (7th Cir.1985) *cert. denied* 475 U.S. 1018, 106 S.Ct. 1202, 89 L.Ed.2d 316 (1986) (Seventh Circuit upheld

jury instruction which stated only that jury had to agree unanimously that there were five or more subordinates). *See also United States v. Jones,* 712 F.2d 1316, 1322 (9th Cir.), *cert. denied* 464 U.S. 986, 104 S.Ct. 434, 78 L.Ed.2d 366 (1983); *United States v. Mangieri,* 694 F.2d 1270, 1279–1281 (D.C.Cir.1982).

The common rationale which runs through the decisions of the other Circuits is twofold. *First,* there is no general unanimity requirement as to a "specific fact underlying an element" of an offense. *Second,* the criminal enterprise statute is concerned only with the size of the enterprise, not with the identities of the subordinates, which is irrelevant. *Tarvers,* 833 F.2d at 1074; *Markowski,* 772 F.2d at 364; *Jackson,* 879 F.2d at 87. The requirement that the defendant has managed five subordinates, regardless of their identity, merely establishes that the defendant played a leadership role in an enterprise sufficiently large to merit the enhanced punishment provided by the statute. *Jackson,* 879 F.2d at 88; *cf. United States v. Aguilar,* 843 F.2d 155, 157 (3d Cir.), *cert. denied sub nom.,* 488 U.S. 924, 109 S.Ct. 305, 102 L.Ed.2d 324 (1988) (in enacting § 848, Congress was clearly concerned with " 'large-scale profit-making enterprises engaged in the illegal importation, manufacture and distribution of controlled substances.' " (*quoting United States v. Valenzuela,* 596 F.2d 1361, 1367 (9th Cir.), *cert. denied,* 444 U.S. 865, 100 S.Ct. 136, 62 L.Ed.2d 88 (1979)).

"While the jury must reach a consensus on the fact that there were five or more underlings, which is an essential element of the CCE offense, there is no logical reason why there must be unanimity on the identities of these underlings." *Jackson,* 879 F.2d at 88.

A plain reading of the statute, as well as its obvious purpose, supports the view of these circuits which have decided this issue. We, therefore, align ourselves with the other circuits which hold that jurors need not be in unanimous agreement as to the identities of the five subordinates involved in a continuing criminal enterprise as defined in 21 U.S.C. § 848. The district court properly refused to give a contrary instruction.

AFFIRMED.