[UNPUBLISHED]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 07-10622

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**May 2, 2008**
**THOMAS K. KAHN**
**CLERK**

D.C. Docket No. 05-00159-CR-J-32HTS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RONALD ROBERT EVANS, SR.,

Defendant-Appellant.

No. 07-10821

D.C. Docket No. 05-00159-CR-J-32MMH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JEQUITA DUMBAR EVANS,
a.k.a. Quilla
a.k.a. Quita

Defendant-Appellant.

Appeals from the United States District Court
for the Middle District of Florida

**(May 2, 2008)**

Before BIRCH and DUBINA, Circuit Judges, and GOLDBERG*, Judge.

PER CURIAM:

Ronald Robert Evans, Sr. ("Ronald"), appeals his sentence and conviction for engaging in a continuing criminal enterprise of crack cocaine distribution, trafficking in contraband cigarettes, discharging pollutants, unlawfully procuring transportation of farm laborers, structuring currency transactions, and witness tampering. Ronald's co-defendant, Jequita Dumbar Evans, appeals her conviction for conspiracy to distribute crack cocaine and structuring currency transactions.

After reviewing the record, reading the parties' briefs, and having the benefit of oral argument, we conclude that all of the appellants' arguments in support of their appeals of their convictions are meritless. First, the appellants fail to demonstrate that the district court's denial of the motion to sever the charges resulted in "compelling prejudice against which the district court could offer no

---

*Honorable Richard W. Goldberg, Judge, United States Court of International Trade, sitting by designation.

protection." United States v. Walser, 3 F.3d 380, 385 (11th Cir. 1993). Second, Ronald asserts that the district court abused its discretion when it declined to instruct the jury to identify which five persons Ronald organized or supervised while engaging in the continuing criminal enterprise. This argument is foreclosed by United States v. Moorman, 944 F.2d 801, 803 (11th Cir. 1991) (per curiam) (holding that district court is not required to instruct a jury to unanimously agree on the identity of the five persons the defendant supervised). Finally, we find no error in any of the district court's evidentiary decisions or jury instructions. As such, the appellants' additional arguments relating to their convictions are meritless.

Ronald also appeals his sentence. He claims that the district court erred when it considered the 100:1 crack-to-powder ratio in the sentencing guidelines as mandatory. In light of intervening Supreme Court precedent, we hold that the district court erred when it applied the guidelines in a mandatory fashion by refusing to consider the crack-powder disparity in sentencing Ronald. We therefore vacate Ronald's sentence and remand for the limited purpose of resentencing in light of United States v. Kimbrough, 552 U.S. __, 128 S. Ct. 558, 169 L. Ed. 2d 481 (2007).

**AFFIRMED IN PART;** Appellant Ronald Evans' sentence is **VACATED AND REMANDED.**