[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-10043
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 8, 2010
JOHN LEY
CLERK

D.C. Docket No. 3:05-cr-00159-TJC-MCR-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RONALD ROBERT EVANS, SR.,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 8, 2010)

Before TJOFLAT, BLACK and WILSON, Circuit Judges.

PER CURIAM:

Ronald Evans, Sr. was convicted of engaging in a continuing criminal enterprise (CCE) to distribute crack cocaine in violation of 21 U.S.C. § 848(a), (c), and a number of other offenses.[1] The district court sentenced Evans to 360 months, and Evans appealed. We affirmed his convictions but vacated his sentence and remanded for the limited purpose of resentencing in light of *Kimbrough v. United States*, 552 U.S. 85 (2007). On remand, the district court imposed a 293-month sentence, and Evans again appeals. Evans now argues (1) his original CCE conviction should be reversed, and (2) the district court committed a number of reversible errors at resentencing.[2] After careful review of the record and the parties' briefs, we dismiss Evans's appeal as to his original CCE conviction and we otherwise affirm Evans's sentence.

I.

Evans argues that, in our prior decision rejecting his faulty-jury-instruction challenge to his CCE conviction, we erroneously relied on *United States v.*

_____

[1] Evans was also convicted of trafficking in contraband cigarettes in violation of 18 U.S.C. §§ 2342(a) & 2344; discharging pollutants in violation of 33 U.S.C. §§ 1311(a) & 1319(c)(2)(A); unlawfully transporting farm labor in violation of 29 U.S.C. §§ 1811(a), 1812, 1841 & 1851(a); structuring currency transactions to circumvent reporting requirements in violation of 31 U.S.C. §§ 5313(a), 5324(a)(3) & 5324(d)(2) and 31 C.F.R. §§ 103.11 & 103.22; and witness tampering in violation of 18 U.S.C. § 1512(b)(3).

[2] Specifically, Evans contends that the district court failed to (i) adequately address the § 3553(a) factors, (ii) provide a statement of reasons for imposing the sentence, and (iii) articulate its own crack-to-power-cocaine ratio.

2

*Moorman*, 944 F.2d 801 (11th Cir. 1991). Evans contends that *Moorman* was abrogated by *Richardson v. United States*, 526 U.S. 813 (1999), and concludes that he is therefore entitled to a vacating of his CCE conviction and sentence. This argument fails because both Evans and this Court are bound by the law-of-the-case doctrine.[3]

In our previous decision, we concluded that Evans's argument regarding the district court's refusal to give particular jury instructions was meritless. *See United States v. Evans*, 276 Fed. Appx. 926, 927 (11th Cir. 2008). As such, our rejection of this claim and our consequent affirming of Evans's CCE conviction constitute the law of the case—in other words, Evans cannot now challenge what has already been decided. Because Evans has not shown that any exception to the law-of-the-case doctrine applies, *see United States v. Tamayo*, 80 F.3d 1514, 1520 (11th Cir. 1996), we dismiss Evans's appeal as to this claim.[4]

---

[3] Under the law-of-the-case doctrine, "[a]n appellate decision binds all subsequent proceedings in the same case," unless one of the following exceptions applies: (1) new evidence is presented, (2) there has been an intervening change in controlling law dictating a different result, or (3) the prior appellate decision is clearly erroneous and would result in manifest injustice if implemented. *United States v. Tamayo*, 80 F.3d 1514, 1520 (11th Cir. 1996).

[4] We also note that Evans's contention that *Richardson* abrogated *Moorman* as to this issue is meritless. *Compare Moorman*, 944 F.2d at 803 ("[J]urors need not be in unanimous agreement as to the identities of the five subordinates involved in a continuing criminal enterprise . . . .") *with Richardson*, 526 U.S. at 824 ("[A]ssuming, without deciding, that there is no unanimity requirement in respect to" the CCE statute's "five or more other persons" requirement).

II.

The district court did not abuse its discretion by imposing a 293-month sentence.[5] Evans's sentence was procedurally reasonable[6] because the court correctly calculated Evans's guideline range—which did not change from his previous sentencing—and the court explicitly stated that it had considered the § 3553(a) factors. Considering the reasons previously set forth by the sentencing judge in open court, the judge's reaffirmation of those reasons at the resentencing hearing, and the sentencing order's reincorporation of those reasons, we conclude that the court adequately addressed the § 3553(a) factors and sufficiently stated its reasons for the sentence imposed. *See United States v. Bonilla*, 463 F.3d 1176, 1181–82 (11th Cir. 2006).

Finally, and contrary to Evans's argument, nothing in *Kimbrough v. United States*, 552 U.S. 85 (2007), or *Spears v. United States*, 129 S.Ct. 840 (2009), required the district court to specify an alternate crack-to-powder ratio, or to explain why it rejected his suggested one-to-one ratio. Although *Spears* permits a district court to specify an alternate ratio, neither *Kimbrough* nor *Spears* requires a

---

[5] We review Evans's sentence for reasonableness, meaning we determine whether the district court abused its discretion. *See United States v. Williams*, 526 F.3d 1312, 1321 (11th Cir. 2008).

[6] A sentence must be both procedurally and substantively reasonable. *Williams*, 526 F.3d at 1321–22.

district court to expressly adopt a such a ratio.  *See Spears*, 129 S.Ct. at 843–44.

Thus, because Evans's sentence was both procedurally and substantively

reasonable, we affirm the district court.

**DISMISSED IN PART, AFFIRMED IN PART.**