[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 2, 2006
THOMAS K. KAHN
CLERK

----------------------------------------

No. 04-15278
Non-Argument Calendar

----------------------------------------

D.C. Docket No. 04-00141-CR-T-24-MAP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VALDEMAR VALLECILLO,

Defendant-Appellant.

---------------------------------------
Appeal from the United States District Court
for the Middle District of Florida
---------------------------------------

**(March 2, 2006)**

Before EDMONDSON, Chief Judge, HULL and WILSON, Circuit Judges.

PER CURIAM:

Defendant-Appellant Valdemar Valecillo appeals his 135-month concurrent sentences, imposed pursuant to his guilty plea, for possession with intent to distribute 5 kilograms or more of cocaine while aboard a vessel subject to United States jurisdiction, in violation of 46 U.S.C. App. § 1903(a), (g), and 21 U.S.C. § 960(b)(1)(B)(ii), and conspiracy to possess with intent to distribute 5 kilograms or more of cocaine while aboard a vessel subject to U.S. jurisdiction, in violation of 46 U.S.C. § 1903(a), (g), and (j), and 21 U.S.C. § 960(b)(1)(B)(ii).  Reversible error exists in part under United States v. Booker, 125 S.Ct. 738 (2005).

Defendant argues that the district court erred by failing to grant him an offense level reduction for his minimal or minor role in the offenses, pursuant to U.S.S.G. § 3B1.2.  He contends (1) that no evidence showed that he owned, sold, or distributed drugs in exchange for money, (2) that he only was a crewman on the boat containing the cocaine, and (3) that his role was much less than the major drug owners and transporters targeted in "Operation Panama Express," a government initiative against drugs imported from Colombia.

We review for clear error the district court's determinations about a defendant's role in an offense.  See United States v. Ryan, 289 F.3d 1339, 1348 (11th Cir. 2002).  The defendant bears the burden of establishing a mitigating role in the offense by a preponderance of the evidence.  Id.

2

Sentencing courts should consider two principles when determining the defendant's role in the offense: "first, the defendant's role in the relevant conduct for which [he] has been held accountable at sentencing, and, second, [his] role as compared to that of other participants in [his] relevant conduct." United States v. DeVaron, 175 F.3d 930, 940 (11th Cir. 1999) (en banc).

The district court committed no clear error in determining that Defendant's role in the offense was not minor or minimal. Defendant's sentence was based only on the relevant conduct for which he was held accountable at sentencing. The relevant conduct attributed to Defendant included that he was one of four persons hired to smuggle 1,000 kilograms of cocaine from Colombia to the United States on a "go-fast" boat. Defendant stipulated that his role included driving the boat and that he was to be paid about $20,000. Defendant offered no evidence that his participation as a crew member was minor in relation to the attempted cocaine smuggling. And Defendant offered no evidence that he was less culpable than the other three crewmembers of the vessel. Further, the district court indicated that Defendant was being sentenced for the conspiracy to smuggle and distribute only the 1,000 kilograms of cocaine on the go-fast boat. Thus, facts about a larger conspiracy and other persons targeted in Operation Panama Express are not relevant to whether Defendant was a minor participant in the charged conspiracy.

3

See DeVaron, 175 F.3d at 944. We see no error in the district court's refusal to apply a mitigating role reduction.

Defendant also argues that the district court committed statutory Booker error by applying the Sentencing Guidelines in a mandatory, as opposed to an advisory, fashion. We agree.

Defendant timely raised an objection based on Blakely v. Washington, 124 S.Ct. 2531 (2004). Thus, we review his Booker claim for harmless error. See United States v. Mathenia, 409 F.3d 1289, 1291 (11th Cir. 2005). The government concedes that the district court committed a statutory Booker error when it sentenced Defendant under a mandatory guideline system. See United States v. Shelton, 400 F.3d 1325, 1330-31 (11th Cir. 2005) (setting forth that two kinds of sentencing errors exist based on Booker: constitutional errors and statutory errors).[1] The government then bears the burden of showing that the statutory error was harmless. See Mathenia, 409 F.3d at 1292. A statutory Booker error is harmless only if the government shows that the error did not affect the sentence, or had only a very slight effect. Id.

The government not only concedes that a statutory Booker error occurred, but concedes it cannot show that this error had only a slight effect on Defendant's

_____

[1]This case does not involve a Booker constitutional error.

4

sentence. The district court expressly stated that it was sentencing Defendant pursuant to the Guidelines. Moreover, the district court made no statement that it would have imposed the same sentence regardless of whether the guidelines were advisory or mandatory. See Mathenia, 409 F.3d at 1292 (concluding that statutory Booker error was harmless where district court announced it would have imposed same sentence if guidelines were unconstitutional as applied mandatorily). Also, the district court sentenced Defendant at the bottom of the guideline range.

In sum, although the district court did not err in refusing to apply an offense level reduction under § 3B1.2, Defendant must be resentenced under an advisory guidelines system in accordance with Booker.

VACATED AND REMANDED.