[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

--------------------------------

No. 07-14060
Non-Argument Calendar

--------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 28, 2008
THOMAS K. KAHN
CLERK

D.C. Docket No. 04-00141-CRT-T-24-MAP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VALDEMAR VALECILLO,

Defendant-Appellant.

--------------------------------------------

Appeal from the United States District Court
for the Middle District of Florida

--------------------------------------------

**(November 28, 2008)**

Before EDMONDSON, Chief Judge, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Defendant-Appellant Valdemar Valecillo appeals his 135-month sentence

imposed after he pleaded guilty to drug trafficking offenses, in violation of 21

U.S.C. § 960(b)(1)(B) and former 46 U.S.C. § 1903(a), (g), (j).[1] No reversible error has been shown; we affirm.[2]

On appeal, Valecillo argues that his lawyer rendered ineffective assistance at resentencing because he did not argue for application of certain 18 U.S.C. § 3553(a) factors to the facts of his case or renew and add to his previous argument for a minor-role reduction.[3] We conclude that the record is not sufficiently developed to evaluate Valecillo's ineffective assistance of counsel claims at this time; and we decline to consider them. United States v. Bender, 290 F.3d 1279, 1284 (11th Cir. 2002) (explaining that we generally will not consider claims of ineffective assistance of counsel on direct appeal "where the district court did not entertain the claim nor develop a factual record").

Valecillo also argues that his sentence was procedurally and substantively unreasonable. He asserts that the district court incorrectly calculated his Guidelines range and that the court did not consider the section 3553(a) factors in

---

[1]Now codified at 46 U.S.C. § 70503(a).

[2]We previously vacated Valecillo's sentence and remanded for resentencing because the district court applied the Sentencing Guidelines as mandatory, in violation of United States v. Booker, 125 S.Ct. 738 (2005). After Valecillo was resentenced, his lawyer failed to file an appeal; and Valecillo filed a successful 28 U.S.C. § 2255 motion to vacate to gain the instant out-of-time appeal.

[3]Valecillo also faults his lawyer for failing to preserve for appellate review a reasonableness challenge to his sentence; but this argument is moot because, as noted below, we review Valecillo's sentence for reasonableness.

the light of his specific circumstances as an uneducated and impoverished first-time offender.

We review Valecillo's sentence for reasonableness in the light of the factors set out in section 3553(a). See United States v. Winingear, 422 F.3d 1241, 1244-46 (11th Cir. 2005). And we evaluate the reasonableness of a sentence using a deferential abuse-of-discretion standard. Gall v. United States, 128 S.Ct. 586, 597 (2007).

Briefly stated, under section 3553(a), a district court should consider, among other things, the nature and circumstances of the offense, the history, and characteristics of the defendant, the need for the sentence to provide adequate deterrence, respect for the law, and protection of the public, policy statements of the Sentencing Commission, provision for the medical and educational needs of the defendant, and the need to avoid unwarranted sentencing disparities. See 18 U.S.C. § 3553(a)(1)-(7). "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both [the] record and the factors in section 3553(a)." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

In fashioning a reasonable sentence, the district court must consult and correctly calculate the recommended Guidelines range. United States v. McBride,

511 F.3d 1293, 1297 (11th Cir. 2007). Here, Valecillo argues that the court erred in denying him a minor-role reduction and, thus, incorrectly calculated the Guidelines range. But a prior panel of this Court determined that the district court did not clearly err in denying Valecillo a minor-role reduction. See United States v. Valecillo, No. 04-15278 (11th Cir. March 2, 2006) (unpub.). Thus, the law-of-the-case doctrine precludes us from considering this argument. Under the law-of-the-case doctrine, the parties may not relitigate, and we may not reconsider, issues that were decided in an earlier appeal of the same case. See United States v. Jordan, 429 F.3d 1032, 1035 (11th Cir. 2005). The law-of-the-case doctrine may be overcome when substantially different evidence is produced, controlling authority has changed, or the prior decision was clearly erroneous and application of it would result in manifest injustice. United States v. Amedeo, 487 F.3d 823, 830 (11th Cir. 2007). None of these exceptions apply here.[4]

We conclude that Valecillo's sentence was both procedurally and substantively reasonable. The district court correctly calculated Valecillo's advisory Guidelines range at 135 to 168 months and sentenced him to the low

---

[4]We note that, to the extent the district court considered Valecillo's argument for a minor-role reduction on resentencing, it seems to have violated this Court's mandate, which ordered only that Valecillo be resentenced under advisory Guidelines in the light of Booker. See United States v. Tamayo, 80 F.3d 1514, 1520 (11th Cir. 1996) (explaining that the mandate rule obligates district courts to adhere to the dictates of the appellate court's opinion and not assert jurisdiction over matters that are outside the scope of the mandate).

point of that range. See Talley, 431 F.3d at 788 (noting that "ordinarily we would expect a sentence within the Guidelines range to be reasonable"). In addition, Valecillo's 135-month sentence is well below the statutory maximum life sentence he could have received. See 21 U.S.C. § 960(b)(1)(B)(ii); Winingear, 422 F.3d at 1246 (comparing, as one indication of reasonableness, the actual prison term imposed against the statutory maximum).

And the district court referenced the facts of Valecillo's case and many of the section 3553(a) factors when explaining why a sentence of 135 months' imprisonment was appropriate, including the sentences of his codefendants, the large amount of cocaine on the boat, and the history and characteristics of Valecillo. Valecillo also stipulated that he was to be paid $20,000 for driving the go-fast boat. The district court's statement of reasons was sufficient.[5] See United States v. Rita, 127 S.Ct. 2456, 2468-69 (2007) (a lengthy explanation is not necessarily required when a judge decides to follow the Guidelines in a particular case, especially where a sentencing judge has listened to the arguments of the

---

[5]We conclude that the district court's explanation also satisfied 18 U.S.C. § 3553(c)(1), which requires district courts to state in open court the reasons for imposing a sentence at a particular point in the Guidelines range when that range exceeds 24 months; and we reject Valecillo's argument to the contrary. See United States v. Parrado, 911 F.2d 1567, 1572-73 (11th Cir. 1990) (explaining that no specific language is required when stating the reasons for a sentence under section 3553(c)(1); instead, a district court simply must demonstrate that it was "mindful" of the appropriate factors when imposing sentence).

parties, considered the supporting evidence, and was aware of the special conditions of the defendant).

Based on the factors outlined in section 3553(a) and our review of the record, we conclude that Valecillo has not carried his burden of showing that his sentence was unreasonable.

AFFIRMED.