[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 16, 2011
JOHN LEY
CLERK

No. 11-12958
Non-Argument Calendar

_____

D.C. Docket No. 5:99-cr-00004-RS-2

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

PHYNERRIAN Q. MANNING,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(November 16, 2011)

Before EDMONDSON, MARCUS and MARTIN, Circuit Judges.

PER CURIAM:

Phynerrian Manning appeals his 33-month sentence imposed upon

revocation of his supervised release. No reversible error has been shown; we

affirm.

After serving a 120-month sentence for a drug trafficking offense, Manning began an 8-year term of supervised release. While still on supervised release, Manning's probation officer filed a petition alleging that Manning had violated the conditions of his supervised release by (1) possessing cocaine base with intent to distribute, a felony in violation of Fla. Stat. § 893.13; (2) failing to notify his probation officer ten days before a change in his residence; and (3) testing positive for cocaine.

Manning admitted the second and third release violations but denied that he possessed cocaine base with intent to distribute. The district court conducted a revocation hearing on the issue, during which both sides presented evidence. The court then concluded -- without elaboration -- that the government had proved by a preponderance of the evidence that Manning had possessed cocaine base with intent to distribute and, thus, had violated his supervised release. On appeal, we concluded that the district court's statement of reasons was insufficient and remanded for the limited purpose of allowing the district court to set out its reasoning for concluding that Manning violated the terms of his supervised release.

On remand, the district court conducted a second revocation hearing,

allowing the parties to present arguments about evidence already in the record on the date of revocation.[1]  In its written order, the district court described the evidence against Manning and again concluded that the government had proved Manning's drug-related release violation by a preponderance of the evidence.

In this appeal, Manning argues that the evidence was insufficient for the district court to find that he had possessed cocaine with intent to distribute.  We review a district court's revocation of supervised release for abuse of discretion. United States v. Velasquez Velasquez, 524 F.3d 1248, 1252 (11th Cir. 2008).  A violation of a condition of supervised release must be proven by a preponderance of the evidence.  United States v. Sweeting, 437 F.3d 1105, 1107 (11th Cir. 2006) (citing 18 U.S.C. § 3583(e)(3)).

The district court did not abuse its discretion when it concluded that Manning violated his supervised release.  At the revocation hearing, Officer Scott testified that, as part of a sting operation, a confidential informant set up a cocaine purchase from Marilyn Scarborough.  Scarborough agreed to obtain the cocaine and to deliver it to the informant.  While Scarborough's house was under

---

[1]The district court properly denied Manning's motion to present new evidence developed after the initial revocation proceeding because admitting such evidence would have exceeded the scope of this Court's limited mandate. See United States v. Tamayo, 80 F.3d 1514, 1520 (11th Cir. 1996).

surveillance, a man -- whom police later identified as Manning -- arrived, entered Scarborough's house, and returned to his car five minutes later.[2] A few minutes after Manning left, Scarborough called the informant to say that she had obtained the cocaine and then left her house to deliver it. Police officers stopped Scarborough's car and arrested her for drug trafficking.

Although Scarborough initially denied Manning's involvement in the cocaine deal, she later indicated to police that Manning was her supplier by gesturing toward a room where she believed Manning was being held. Scarborough also identified Manning in a photo line-up as the person who delivered the cocaine to her house and, in a recorded statement two days later, again identified Manning as her supplier.

Although the district court noted that some discrepancies existed in Scarborough's statements to police, the court credited her testimony against Manning. In general, we will not review the district court's determination of credibility. United States v. Copeland, 20 F.3d 412, 413 (11th Cir. 1994) (explaining that "[t]he credibility of a witness is in the province of the factfinder and this court will not ordinarily review the factfinder's determination of

---

[2]Manning testified that he stopped at Scarborough's house to deliver a bag of children's clothing, not cocaine.

credibility"). Thus, we will not reverse a district court's credibility determination unless the court "credits <u>exceedingly</u> improbable testimony." <u>United States v. Ramirez-Chilel</u>, 289 F.3d 744, 749 (11th Cir. 2002) (emphasis in original).

We agree with the district court's determination that Scarborough's testimony against Manning was corroborated by the timeline of events surrounding the arranged cocaine purchase. We also agree that Scarborough's initial reluctance to identify Manning could have been due either to her friendship with or her fear of Manning. Because Scarborough's testimony was not "<u>exceedingly</u> improbable," we accept the district court's credibility determination. The evidence supports the district court's ruling, and we see no abuse of discretion.

AFFIRMED.