[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 22, 2009
THOMAS K. KAHN
CLERK

No. 08-13521
Non-Argument Calendar

_____

D. C. Docket No. 02-00008-CR-6

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIAM ERIC GREEN,
a.k.a. Cuzzo,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(April 22, 2009)

Before BARKETT, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

William Green, a pro se federal prisoner convicted of crack cocaine

offenses, appeals the district court's limited reduction of his sentence, pursuant to 18 U.S.C. § 3582(c)(2). The district court found that Amendment 706 to the United States Sentencing Guidelines was applicable to Green and reduced his previous offense level from 34 to 32 and his original sentence from 240 months' imprisonment to 235 months' imprisonment.

On appeal Green contends that the district court erred by (1) not resentencing him below his amended Guidelines range and not applying intervening Supreme Court caselaw; (2) not granting a downward departure from the amended guideline range after considering his post-sentence rehabilitation; (3) not appointing counsel; (4) failing to provide a new or updated PSI; and (5) ruling on his § 3582(c)(2) motion before ruling on his second or successive 28 U.S.C. § 2255 motion.

Green's first argument is foreclosed by this court's recent decision in <u>United States v. Melvin</u>, — F.3d —, 2009 WL 236053 (11th Cir. 2009) (holding that, in resentencing pursuant to 18 U.S.C. § 3582(c)(2), a district court is bound by the applicable policy statement of the Sentencing Commission that prohibits the district court from imposing a sentence that is less than the minimum of the amended guidelines range). We find no merit in Green's remaining arguments.

AFFIRMED.