[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-12014
Non-Argument Calendar
_____

D.C. Docket No. 6:02-cr-00008-BAE-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

WILLIAM ERIC GREEN,
a.k.a. Cuzzo,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(November 5, 2014)

Before ED CARNES, Chief Judge, TJOFLAT and FAY, Circuit Judges.

PER CURIAM:

William Green, proceeding pro se, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence.  Green contends that he is entitled to a reduced sentence based on Amendment 750 to the sentencing guidelines and that, under the law of the case doctrine, the district court was required to grant a sentence reduction under Amendment 750 because it had granted one earlier under Amendment 706.

## I.

On November 4, 2002, Green pleaded guilty to one count of conspiracy to possess with the intent to distribute and conspiracy to distribute crack cocaine, in violation of 21 U.S.C. § 846, and one count of carrying a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A). Based on a total offense level of 34[1] and a criminal history category of V,[2] Green's advisory guidelines range for the drug offense was 235 to 240 months.  The district court imposed a sentence at the high end of the advisory guidelines (240 months) and added the mandatory minimum 60 months for the firearms offense, for a total sentence of 300 months imprisonment.

---

[1] At sentencing, Green objected to the drug quantity determination of 567 grams, and the district court overruled the objection. Green appealed his sentence and challenged the drug quantity determination and we affirmed.  United States v. Green, 87 F. App'x 712 (11th Cir. 2012) (Table).

[2] Green's criminal history included convictions for possession of cocaine, aggravated assault, aggravated battery, robbery by intimidation, obstruction of an officer, and possession of a sawed-off shotgun.

On March 12, 2008, Green filed his first § 3582(c)(2) motion to reduce his sentence, asserting generally that amendments to the sentencing guidelines provided a basis for relief.  In granting Green's motion, the district court determined that Amendment 706 — which reduced the base offense levels for crimes involving crack cocaine — applied to Green's case retroactively.  The court reduced Green's total offense level to 32, calculated an amended advisory guidelines range of 188 to 235 months, and re-sentenced Green to 235 months plus 60 months for the firearms offense, for a total sentence of 295 months.  Green moved for reconsideration of the extent of the reduction and the district court denied the motion.  This Court affirmed.  United States v. Green, 347 F. App'x 420 (11th Cir. 2009).

On December 6, 2011, Green filed his second § 3582(c)(2) motion, asserting that his sentence should be reduced under Amendment 750, which altered the crack cocaine quantity tables listed in U.S.S.G. § 2D1.1(c).  In deciding Green's motion, the district court acknowledged that Amendment 750 reduced Green's total offense level to 30 and his advisory guidelines range to 151 to 188 months.  Nonetheless, the court found that a sentence reduction was not appropriate, reasoning as follows:

> A review of this defendant's record plainly shows that the 295-month sentence he is presently serving is richly deserved. The defendant was attributed with over .5 kilogram of crack cocaine, which he stashed in or sold from at least three residences. Numerous firearms were stashed at these homes as well, including several assault weapons. The homes in which these firearms were found were occupied by, and/or

3

frequented by, several children. This defendant was deeply immersed in drug trafficking and it is clear that the public needs to be protected from him as long as possible.

The court denied Green's motion. The court also denied his motion for reconsideration, noting that its previous order had "made plain [the court's] perception that [Green] is a dangerous individual, from whom the public should be protected as long as possible, pursuant to 18 U.S.C. § 3553(a)."

This is Green's appeal.

## II.

We review only for abuse of discretion a district court's denial of a § 3582(c)(2) motion for a sentence reduction. United States v. Webb, 565 F.3d 789, 792 (11th Cir. 2009).

When the Sentencing Commission makes retroactive changes to the sentencing guidelines under 28 U.S.C. § 994(o), a district court has discretion to reduce any sentence that was imposed "based on" the unaltered guidelines. 18 U.S.C. § 3582(c)(2). Before granting such a reduction, however, the district court must engage in a two-part analysis. United States v. Bravo, 203 F.3d 778, 780 (11th Cir. 2000). First, the court must recalculate the sentence under the amended guidelines. See id. Second, the court must "decide whether, in its discretion, it will elect to impose the newly calculated sentence under the amended guidelines or retain the original sentence." Id. at 781. This decision should take into account the

statutory factors in 18 U.S.C. § 3553(a), which include the nature and circumstances of the offense, the history and characteristics of the defendant, and the need to protect the public.  See United States v. Talley, 431 F.3d 784, 787–88 (11th Cir. 2005) (citing 18 U.S.C. § 3553(a)).  The court is not required to discuss every § 3553(a) factor as long as the record reflects that the pertinent factors were considered.  United States v. Williams, 557 F.3d 1254, 1256 (11th Cir. 2009).

Here, the district court did not abuse its discretion by denying Green's § 3582(c)(2) motion.  The court followed the two-part analysis, first correctly calculating Green's sentence under the amended guidelines and then considering whether to impose a new sentence or retain the original sentence.  The court cited the § 3553(a) factors and explained that its decision to retain the original sentence was influenced by the amount of cocaine involved in the offense, the number and type of weapons found in the drug houses (all of which were occupied by children), the fact that Green was "deeply immersed in drug trafficking," and the need to protect the public.  Those are all valid sentencing considerations, and this Court will not second-guess them.  See United States v. Langston, 590 F.3d 1226, 1237 (11th Cir. 2009) ("The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court, and we will not substitute our judgment in weighing the relevant factors.") (quotation marks omitted).

5

Also, the district court was not required by the law of the case doctrine to grant Green's second § 3582(c)(2) motion simply because it granted his first.  The law of the case doctrine, which prevents relitigation of an issue that has been decided at an earlier stage of the same proceeding,[3] has no application where, as here, a defendant seeks a second sentence reduction based on a different amendment to the sentencing guidelines.  Cf. United States v. Vautier, 144 F.3d 756, 762 (11th Cir. 1998) ("[T]he district court's discretionary decision to depart from the amended guidelines range is not dictated or mandated by either its prior decision to depart or the extent of the prior departure.").  The district court did not abuse its discretion when it decided that a further reduction of Green's sentence was not warranted.

**AFFIRMED.**

---

[3] See United States v. Tamayo, 80 F.3d 1514, 1520 (11th Cir. 1996).

6