[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-11545

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JUAN ALBERTO ORTIZ-LOPEZ,
a.k.a. Chamale,
a.k.a. Juanito,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

D.C. Docket No. 8:11-cr-00048-VMC-AAS-1

—————————————

Before JORDAN, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Juan Alberto Ortiz-Lopez, a federal prisoner proceeding *pro se*, appeals the district court's denial of his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2), pursuant to Amendment 782 to the Sentencing Guidelines. He argues that the district court erred in finding him ineligible for a sentence reduction and abused its discretion in denying him said reduction. Rather than file a response brief, the government moves for summary affirmance, arguing that the law-of-the-case doctrine precluded Ortiz-Lopez from obtaining the requested reduction. The government also argues that Ortiz-Lopez's appeal fails on the merits, as the district court correctly found that Ortiz-Lopez was not eligible for a sentence reduction in any event, pursuant to Amendment 782.

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1161-62 (5th Cir. 1969).

23-11545                Opinion of the Court                3

Under the law-of-the-case doctrine, an appellant who had the opportunity to appeal the district court's decision and did not appeal that decision is barred from relitigating that decision. *United States v. Escobar-Urrego*, 110 F.3d 1556, 1560 (11th Cir. 1997). This applies to both explicit rulings, but also as to issues decided necessarily by implication. *See United States v. Tamayo*, 80 F.3d 1514, 1520 (11th Cir. 1996). In *Escobar-Urrego*, the Court applied the law-of-the-case doctrine in a § 3582(c)(2) appeal, because the district court held the defendant accountable for 2,036 grams of cocaine at sentencing, and the defendant had the opportunity to appeal that finding but chose not to. *Escobar-Urrego*, 110 F.3d at 1560-61.

There are three narrow exceptions to the law-of-the-case doctrine. A court is not bound by a prior ruling if (1) new evidence is presented, (2) there is an intervening change in the controlling law, or (3) the prior ruling, "if implemented, would cause manifest injustice because it is clearly erroneous." *Id.* at 1561.

We review *de novo* the district court's legal conclusions about the scope of its authority under 18 U.S.C. § 3582(c)(2). *United States v. Lawson*, 686 F.3d 1317, 1319 (11th Cir. 2012). If § 3582(c)(2) applies, we review the district court's decision to grant or deny a sentence reduction only for abuse of discretion. *United States v. Caraballo-Martinez*, 866 F.3d 1233, 1238 (11th Cir. 2017). An abuse of discretion arises if the district court "applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous." *United*

*States v. Jordan*, 582 F.3d 1239, 1249 (11th Cir. 2009) (quotation marks omitted).

A district court may modify a defendant's term of imprisonment if the defendant was sentenced based on a sentencing range that has since been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). "This authority is limited to those guideline amendments listed in U.S.S.G. § 1B1.10(c) that have the effect of lowering the defendant's applicable guideline range." *United States v. Williams*, 557 F.3d 1254, 1256 (11th Cir. 2009) (quotation marks omitted).

Amendment 782 to the Sentencing Guidelines altered the base offense levels applicable to certain drug offenses and is one of the listed guideline amendments that provide eligibility for relief under 18 U.S.C. § 3582(c)(2). *See* U.S.S.G. App. C, Amend. 782 (2014); U.S.S.G. § 1B1.10(c). Under the Amendment, the base offense level of a defendant accountable for between 150 and 450 kilograms of cocaine was lowered to 36. U.S.S.G. App. C, Amend. 782 (2014). However, under the Amendment, the base offense level of defendants accountable for more than 450 kilograms of cocaine remained a 38. *Id.*

The district court did not err when it found that Ortiz-Lopez was not eligible for a sentence reduction under Amendment 782. Under the 2014 Guidelines Manual used to sentence Ortiz-Lopez, a base-offense level of 38 applied to controlled-substance offenses involving 150 kilograms or more of cocaine. *See* U.S.S.G. § 2D1.1(c) (2015). Following Amendment 782, the amount of cocaine

necessary to trigger a base-offense level of 38 increased to 450 kilograms or more. *See* U.S.S.G. § 2D1.1(c) (2014). Thus, to show that Amendment 782 lowered his guideline range, Ortiz-Lopez had to prove that his offense conduct involved less than 450 kilograms of cocaine.

In his first sentencing, Ortiz-Lopez did not object to the PSI's determination that he was accountable for 36,287 kilograms of cocaine, the district court adopted this determination at sentencing. Therefore, when the district court decided Ortiz-Lopez's present motion for a reduced sentence under § 3582(c), it was permitted to rely on this determination.

Because Ortiz-Lopez was accountable for 36,287 kilograms of cocaine, significantly more than 450 kilograms, Amendment 782 did not reduce his base offense level or the resulting guideline range. Therefore, the district court could not reduce his sentence under § 3582(c). *United States v. Bravo*, 203 F.3d 778, 780 (11th Cir. 2000).

Because the district court did not err when it denied Ortiz-Lopez's motion for a reduced sentence, the government's position is correct as a matter of law, and we GRANT its motion for summary affirmance. *Groendyke Transp., Inc.*, 406 F.2d at 1162.

**AFFIRMED.**