[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-11580

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

RECO MAREESE DANIELS,
a.k.a. Main,
a.k.a. Bo-Gator,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

D.C. Docket No. 3:11-cr-00008-WKW-CSC-1

_____

Before WILSON, LUCK, and LAGOA, Circuit Judges.

PER CURIAM:

Reco Mareese Daniels appeals his 900-month total sentence imposed at his third sentencing hearing. A jury previously found him guilty of conspiracy, carjacking, armed robbery, and various firearms offenses. *See United States v. Wilson*, 634 F. App'x 718, 721 & n.2, 728 (11th Cir. 2015). On appeal, he argues that the district court erred in applying a two-level enhancement for obstruction of justice, *see* U.S.S.G. § 3C1.1, and that his sentence is substantively unreasonable.

For the following reasons, we affirm. For ease of reference, we will address each of his challenges in turn.

**I.**

Ordinarily, when a district court imposes an enhancement for obstruction of justice, we review the district court's factual findings for clear error and its application of the Sentencing Guidelines to those facts *de novo*. *United States v. Massey*, 443 F.3d 814, 818 (11th Cir. 2006). However, under the law-of-the-case doctrine,

> a legal decision made at one stage of the litigation, un-challenged in a subsequent appeal when the opportunity existed, becomes the law of the case for future stages of the same litigation, and the parties are

>  deemed to have waived the right to challenge that de-
>  cision at a later time.

*United States v. Escobar-Urrego*, 110 F.3d 1556, 1560 (11th Cir. 1997) (quoting *Williamburg Wax Museum v. Historic Figures*, 810 F.2d 243, 250 (D.C. Cir. 1987)).  There are three narrow exceptions to the law-of-the-case doctrine.  *See id.* at 1561.  A court is not bound by a prior ruling if (1) "new evidence" is presented, (2) there is an "intervening change" in the controlling law, or (3) the prior ruling, "if implemented, would cause manifest injustice because it is clearly erroneous."  *United States v. Tamayo*, 80 F.3d 1514, 1520 (11th Cir. 1996); *see also Escobar-Urrego*, 110 F.3d at 1561.

We have applied the law-of-the-case doctrine in the context of a defendant's appeal following resentencing.  *See United States v. Stein*, 964 F.3d 1313 (11th Cir. 2020).  In *Stein*, we explained that, on appeal from resentencing, the defendant could not challenge for the first time the forfeiture order, explaining that "[n]othing prevented [the defendant] from raising this claim in the district court at his original sentencing."  *Id.* at 1324.  We further noted that the defendant could have raised the issue during his first appeal for plain error review.  *Id.* at 1324–25; *see also United States v. Fiallo-Jacome*, 874 F.2d 1479, 1480-83 (11th Cir. 1989) (determining that the defendant had waived his right to raise a number of alleged errors in his second direct appeal following his resentencing where he could have raised those errors in his first direct appeal and noting that he should not get "two bites at the appellate apple").

In *United States v. Watts*, 519 U.S. 148 (1997), the Supreme Court held that a sentencing court may consider a defendant's conduct of any acquitted charge, provided that the government establishes that conduct by a preponderance of the evidence. *See id.* at 156. Subsequently, in *Nelson v. Colorado*, 581 U.S. 128 (2017), the Supreme Court determined the applicable standard for a post-acquittal motion for a refund in state court and held that the state's Exoneration Act requiring a petitioner to prove their innocence by clear and convincing evidence violated the Fourteenth Amendment. *See id.* at 134–39.

Here, Daniels failed to challenge his obstruction of justice enhancement when the opportunity to do so existed during his initial appeal. Therefore, under our precedent, he has waived the right to challenge the enhancement now under the law-of-the-case doctrine. *See Stein*, 964 F.3d at 1324–25. Moreover, none of the exceptions to the law-of-the-case doctrine apply, *see Tamayo*, 80 F.3d at 1520, and *Watts* remains good law, contrary to Daniels's argument, because *Nelson* does not conflict with *Watts* nor is it clearly on point.

Accordingly, we affirm in this respect.

## II.

When reviewing the substantive reasonableness of a sentence, we apply a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). The party challenging the sentence bears the burden of proving that it is unreasonable based on

the facts of the case and the 18 U.S.C. § 3553(a) factors. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

The § 3553(a) factors include: (1) the nature and circumstances of the offense conduct and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. § 3553(a).

A district court must consider all § 3553(a) factors, but it is not required to give all factors equal weight. *United States v. Rosales-Bruno*, 789 F.3d 1249, 1254 (11th Cir. 2015). The district court is permitted to attach "great weight" to one factor over the others. *Id.* (quoting *United States v. Shaw*, 560 F.3d 1230, 1237 (11th Cir. 2009)). "The decision about how much weight to assign a particular sentencing factor is 'committed to the sound discretion of the district court.'" *Id.* (quoting *United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008)).

We will consider a sentence substantively unreasonable only if we are left with a definite and firm conviction that the district court committed a clear error of judgment in weighing the

§ 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case. *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc). A district court abuses its discretion when it: (1) "fails to afford consideration to relevant factors that were due significant weight"; (2) "gives significant weight to an improper or irrelevant factor"; or (3) "commits a clear error of judgment in considering the proper factors." *Id.* at 1189 (quoting *United States v. Campa*, 459 F.3d 1121, 1174 (11th Cir. 2006) (en banc)). "A district court's failure to discuss mitigating evidence does not indicate that the court 'erroneously "ignored" or failed to consider the evidence.'" *United States v. Butler*, 39 F.4th 1349, 1356 (11th Cir. 2022) (alteration adopted) (quoting *United States v. Amedeo*, 487 F.3d 823, 832 (11th Cir. 2007)).

Additionally, although we do not presume that a sentence falling within the guideline range is reasonable, we ordinarily expect it to be reasonable. *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008). Finally, "[a] sentence imposed well below the statutory maximum penalty is an indicator of a reasonable sentence." *United States v. Dougherty*, 754 F.3d 1353, 1362 (11th Cir. 2014).

Here, Daniels fails to meet his burden to show that his 900-month sentence is substantively unreasonable. The district court stated that it had considered the § 3553(a) factors, as required. Additionally, the court's failure to discuss Daniels's mitigating evidence does not show that it ignored the evidence. *Butler*, 39 F.4th at 1356. The district court was within its discretion to weigh the

factors of deterrence and protection of the public more seriously than any mitigating factors. The court was also permitted to consider the seriousness of the offense conduct and obstruction of justice conduct, including the conduct that went beyond the charged or convicted conduct, as detailed in the presentence investigation report, at trial, and at the sentencing hearings. Further, Daniels's sentence fell within the guideline range and below the statutory maximum penalty.

Accordingly, we affirm in this respect as well.

### III.

For the foregoing reasons, we affirm Daniels's sentence.

**AFFIRMED.**